CASE NUMBER:     CIVIL NO. 19-00116 LEK-WRP

CASE NAME:     Sarah Vargas vs. City and County of Honolulu et al.,

JUDGE:     Leslie E. Kobayashi     DATE:     12/2/2019

COURT ACTION: **EO: COURT ORDER GRANTING IN PART AND DENYING IN PART: DEFENDANT THAYNE COSTA'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO ALL CLAIMS AGAINST DEFENDANT THAYNE COSTA ASSERTED IN PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC. NO. 38], FILED ON NOVEMBER 14, 2019; AND DEFENDANT CITY AND COUNTY OF HONOLULU'S JOINDER THEREIN, FILED ON NOVEMBER 18, 2019**

    On November 14, 2019, Defendant Thayne Costa ("Costa") filed his Motion for Judgment on the Pleadings as to All Claims Against Defendant Thayne Costa Asserted in Plaintiff's First Amended Complaint [Doc. No. 38] ("Motion"). [Dkt. no. 62.] Defendant City and County of Honolulu ("the City") filed its Substantive Joinder as to Doc No. 62, Motion for Judgment on the Pleadings as to All Claims Against Defendant Thayne Costa Asserted in Plaintiff's First Amended Complaint [Doc. No. 38] ("Joinder") on November 18, 2019. [Dkt. no. 66.] The Court finds that these matters are suitable for disposition without a hearing. See Local Rule LR7.1(c). Further, Plaintiff Sarah Vargas ("Plaintiff") need not file a memorandum in opposition.

    For the following reasons, Costa's Motion and the City's Joinder are GRANTED WITH PREJUDICE as to Count IX of Plaintiff's First Amended Complaint ("FAC"), [filed 7/15/19 (dkt. no. 38),] and DENIED in all other respects.

    Costa's Motion seeks, under Fed. R. Civ. P. 12(c), dismissal with prejudice as to all of the claims alleged against him in the FAC. The FAC alleges four claims against Costa: conspiracy to violate Plaintiff's civil rights, pursuant to 42 U.S.C. § 1985 ("Count III" or "§ 1985 Claim"); negligence ("Count V" or "Negligence Claim"); negligent infliction of emotional distress ("Count VII" or "NIED Claim"); and violations of the Constitution of the State of Hawai`i ("Count IX" or "Hawai`i Constitution Claim"). These claims are also alleged against the City, and the Joinder seeks dismissal with prejudice of those claims. The claims alleged against the City that are not also alleged against Costa are not at issue in the Joinder.

    Plaintiff has alleged: that Costa and Defendant David Oh ("Oh") were on-duty

police officers employed by the City at the time of the incident; [FAC at ¶¶ 1-2, 7-8;] that Costa was aware Plaintiff had been detained by police officers; [id. at ¶¶ 24-26;] that Costa contemplated arresting her for Assault in the Third Degree, as well as Disorderly Conduct; [id. at ¶¶ 27, 32;] that Costa observed Plaintiff was extremely intoxicated and unable to provide information; [id. at ¶¶ 28-29;] that Costa "left Plaintiff alone in her residence, drunk and nearly naked" in Oh's sole custody; [id. at ¶¶ 38-39;] that Oh sexually assaulted Plaintiff once Costa left the residence; [id. at ¶ 42;] and that Costa gave conflicting reports to federal and local law enforcement investigators about the sexual assault, [id. at ¶ 2]. When all the allegations in the FAC are taken as true, Plaintiff has stated claims upon which relief can be granted, and has alleged sufficient factual allegations to support cognizable legal theories, against Costa and the City, except as to Count IX. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007))); id. (stating that, "for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true").

1. **Qualified Immunity**

Costa argues that qualified immunity shields him from liability as to the § 1985 Claim. When Plaintiff's allegations are taken as true, it does not. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Oh's sexual assault of Plaintiff is in violation of her Fourteenth Amendment rights which were clearly established. See Curtin v. Cty. of Orange, 8-16-CV-00591-SVW-PLA, 2017 WL 5625726, at *4 (C.D. Cal. Aug. 1, 2017) ("Behavior by officials which 'shocks the conscience' has been held to deprive liberty in violation of the due process clause of the Fourteenth Amendment."(quoting Fontana v. Haskin, 262 F.3d 871, 881 (9th Cir. 2001))). Plaintiff has adequately pled: that Costa was aware of her intoxicated and vulnerable condition; that he was aware when he left that she was almost naked; that he was aware that he was leaving Plaintiff alone with Oh; and that Costa subsequently gave conflicting reports about what happened. Reasonable inferences can be drawn that Costa agreed with Oh to abandon his position, and thus allowed Oh to assault Plaintiff.

2. **Conditional Privilege**

Costa argues that the doctrine of conditional privilege shields him from liability for the Negligence Claim and NIED Claim. For the same reasons stated as to his claim of qualified immunity, it does not. See, e.g., Begley v. Cty. of Kauai, CIVIL 16-00350 LEK-KJM, 2018 WL 3638083, at *6 (D. Hawai`i July 31, 2018) (describing standards for qualified immunity, *i.e.* qualified or conditional privilege, under Hawai`i law).

3. **Hawai`i Constitution Claim**

In Count IX of the FAC, Plaintiff alleges her Hawai`i Constitution Claim.  Plaintiff does not have a direct private cause of action for violations of rights under the Hawai`i Constitution.  See Davis v. Abercrombie, Civil No. 11–00144 LEK–BMK, 2014 WL 3809499, at *16 (D. Hawai`i July 31, 2014) ("This Court agrees with the analysis in Gonzalez and Ilae, and predicts that the Hawai`i Supreme Court would not recognize a claim for damages arising directly under the Hawai`i State Constitution." (citing Gonzalez v. Okagawa, Civil No. 12–00368 RLP, 2013 WL 2423219, at *10 (D. Hawai`i June 4, 2013); Ilae v. Tenn, Civ. No. 12–00316 ACK–KSC, 2013 WL 4499386, at *17 (D. Hawai`i Aug. 20, 2013))).  Therefore, any amendment would be futile and Plaintiff's Count IX of the FAC must be dismissed with prejudice.  See, e.g., Pemberton v. Nationstar Mortg. LLC, Case No. 14-cv-01024-BAS-MSB, 2019 WL 1779587, at *4 (S.D. Cal. Apr. 23, 2019) ("A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss." (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989))).

Costa's Motion for Judgment on the Pleadings as to All Claims Against Defendant Thayne Costa Asserted in Plaintiff's First Amended Complaint [Doc. No. 38], and the City's Joinder in the Motion are hereby GRANTED insofar as COUNT IX is DISMISSED WITH PREJUDICE as to all Defendants, and DENIED IN ALL OTHER RESPECTS.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager