# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 19-00116 LEK-WRP

CASE NAME:     Sarah Vargas vs. City and County of Honolulu, et al.,

JUDGE:     Leslie E. Kobayashi     DATE:     1/14/2020

**COURT ACTION: EO: COURT ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO STAY, AND GRANTING IN PART AND DENYING IN PART THE REQUEST TO EXTEND**

    On November 14, 2019, Defendant Thayne Costa ("Costa") filed his Motion for Judgment on the Pleadings as to All Claims Against Defendant Thayne Costa Asserted in Plaintiff's First Amended Complaint [Doc. No. 38] ("Motion for Judgement on the Pleadings"). [Dkt. no. 62.] Defendant City and County of Honolulu ("the City") filed its Substantive Joinder as to Doc No. 62, Motion for Judgment on the Pleadings as to All Claims Against Defendant Thayne Costa Asserted in Plaintiff's First Amended Complaint [Doc. No. 38] ("Joinder") on November 18, 2019. [Dkt. no. 66.] The Motion for Judgment on the Pleadings was granted as to one claim (Count IX of the First Amended Complaint, [filed 7/15/19 (dkt. no. 38)]) and denied as to all other claims against Costa (Counts III, V, and VII) in an entering order filed on December 2, 2019 ("12/2/19 Order"). [Dkt. no. 81.]

    On December 4, 2019, the City and Costa filed their Joint Notice of Appeal as to the 12/2/19 Order. [Dkt. no. 83.] The City and Costa subsequently filed their Motion for Stay of All Proceedings on December 6, 2019 ("Motion to Stay"). [Dkt. no. 87.] As a result, this Court requested that Costa and the City submit additional briefing regarding staying all proceedings. [Dkt. no. 88.] Additional briefing was submitted on December 16, 2019 by the City and Costa ("Supplemental Memorandum"). [Dkt. no. 92.]

    On January 13, 2020, Costa and the City submitted a letter request to extend the dispositive motion deadline which is currently January 29, 2020. [Dkt. no. 97; Amended Rule 16 Scheduling Order ("Scheduling Order"), filed 11/20/19 (dkt. no. 69), at ¶ 7.]

    The Court finds that these matters are suitable for disposition without a hearing. See Local Rule LR7.1(c). Further, Plaintiff Sarah Vargas ("Plaintiff") need not file a memorandum in opposition to either the Motion to Stay or the letter request.

    The 12/2/19 Order denied the Motion for Judgment on the Pleadings as to

qualified immunity and conditional privileges defenses. [12/2/19 Order at 2-3.] As Costa and the City concede, a court's order denying a conditional privilege defense is not immediately appealable. [Suppl. Mem. at 2.] As the state law claims are not entitled to an interlocutory appeal, litigation of these claims may go forward:

> The Harlow [v. Fitzgerald, 457 U.S. 800 (1982),] right to immunity is a right to immunity **from certain claims**, not from litigation in general; when immunity with respect to those claims has been finally denied, appeal must be available, and cannot be foreclosed by the mere addition of other claims to the suit. Making appealability depend upon such a factor, particular to the case at hand, would violate the principle . . . that appealability determinations are made for classes of decisions, not individual orders in specific cases.

Behrens v. Pelletier, 516 U.S. 299, 312 (1996) (emphasis in original).

Given that litigation may go forward on some of the claims, a stay of the entire case in this matter is not warranted.

For the foregoing reasons, the Motion to Stay is GRANTED as to Count III for the limited purpose of the interlocutory appeal regarding Count III, and DENIED as to all other counts contained in the First Amended Complaint. The stay shall be terminated once the mandate is filed as to that appeal. Further, the request to continue the dispositive motion deadline is GRANTED as to Count III only for the same reasons, and DENIED as to all other counts contained in the First Amended Complaint and WITHOUT PREJUDICE to any party filing a motion to amend the Scheduling Order. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager