# MINUTES

CASE NUMBER:     CIVIL NO. 19-00116 LEK-WRP

CASE NAME:       Sarah Vargas vs. City and County of Honolulu et al.,

JUDGE:    Leslie E. Kobayashi          DATE:       06/19/2020

COURT ACTION:   EO: COURT ORDER DENYING DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE COSTA'S MOTION TO STRIKE DECLARATIONS, EXHIBITS, AND PLAINTIFF'S OPPOSITION TO THE CITY AND COUNTY'S MOTION FOR SUMMARY JUDGMENT

On January 29, 2020, Defendant Thayne Costa ("Costa") filed his Motion for Summary Judgment ("Costa Motion"), and Defendant City and County of Honolulu ("the City") filed its Motion for Summary Judgment ("City Motion").  [Dkt. nos. 100, 103.]  On February 28, 2020, Plaintiff Sarah Vargas ("Plaintiff") filed her: memorandum in opposition to the City Motion ("City Opposition"); concise statement of facts in opposition to the City Motion ("Plaintiff's City CSOF"); memorandum in opposition to the Costa Motion ("Costa Opposition"); and concise statement of facts in opposition to the Costa Motion ("Plaintiff's Costa CSOF").  [Dkt. nos. 119, 120, 121, 122.]

On March 6, 2020, the City and Costa (collectively "City Defendants") filed a motion to strike the City Opposition and some of the declarations and exhibits submitted with Plaintiff's City CSOF and Plaintiff's Costa CSOF ("Motion to Strike").  [Dkt. no. 130.]  Plaintiff filed her memorandum in opposition to the Motion to Strike ("Strike Opposition") on March 23, 2020, and the City Defendants filed their reply on April 6, 2020.  [Dkt. nos. 145, 149.]  The Court finds the Motion to Strike suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

I.    The City Opposition

The City Defendants argue the City Opposition should be stricken because Plaintiff exceeded the applicable page or word limit.  See Local Rule LR7.4.  They also argue Plaintiff improperly used the Costa Opposition to respond to arguments that were raised in the City Motion.

The City Defendants' argument that Plaintiff improperly used the Costa Opposition to address the City Motion is rejected because Plaintiff's claims against the City and her

claims against Costa are related, as are many of the arguments in the City Motion and the Costa Motion. Plaintiff concedes that the City Opposition exceeded the applicable page or word limit because counsel relied upon a prior version of the Local Rules. Plaintiff's counsel acknowledges that they have an obligation to be aware of changes in the applicable rules, and counsel represents the error was in good faith. [Strike Opp. at 14.] Plaintiff urges this Court to grant "a one-time exception." [Id. (emphasis in original).] The Court accepts Plaintiff's representations and DENIES the City Defendants' request to strike the City Opposition.

However, Plaintiff and her counsel are CAUTIONED that they must comply with the current versions of the applicable rules, and the failure to do so in the future may result in sanctions, including, but not limited to, the striking of non-compliant filings.

II.  Plaintiff's Supporting Materials

   A.  Discovery Violations

The City Defendants argue the substantive declarations filed with Plaintiff's City CSOF and Plaintiff's Costa CSOF, as well as certain exhibits filed with Plaintiff's City CSOF, should be stricken because Plaintiff failed to timely disclose those witnesses and documents. This argument is rejected because the discovery deadline is September 18, 2020; [Amended Rule 16 Scheduling Conference Order, filed 11/19/19 (dkt. no. 69), at ¶ 12;] and Plaintiff's expert disclosure deadline was May 18, 2020, [id. at ¶ 11.a]. It is true that the dispositive motions deadline, January 29, 2020, was several months before Plaintiff's expert disclosure deadline and the defense expert disclosure deadline, June 17, 2020. [Id. at ¶¶ 7, 11.b.] However, if the City Defendants wanted to use materials subsequently disclosed by Plaintiff to support their motions for summary judgment, or if they wanted to depose Plaintiff's expert witnesses before filing their respective reply memoranda, the City Defendants could have sought leave to submit supplemental materials or requested an extension of their reply deadline. The City Defendants did not do either, choosing instead to file the Motion to Strike. Any purported prejudice suffered by the City Defendants because of disclosures made after the filing of the City Motion and the Costa Motion could have been avoided by them.

   B.  Qualifications of Plaintiff's Experts

The City Defendants argue the declarations and other documents submitted by Plaintiff's expert witnesses should be stricken pursuant to Fed. R. Evid. 702 and 703. Having reviewed the materials provided, the Court finds, for purposes of the motions for summary judgment, that the testimony of each of Plaintiff's experts meets the requirements of Rule 702 and 703. Their declarations and the documents attached thereto are admissible for purposes of the motions for summary judgment.

However, if any of Plaintiff's claims proceed to trial, and if Plaintiff offers any of these expert witness's testimony, she will first have to lay the appropriate foundation showing the expert's qualifications, and the defense will have the opportunity to conduct

voir dire of the proffered expert regarding his or her qualifications.

    C.    Ruling

In addition to the foregoing, all other arguments in the Motion to Strike not specifically addressed in this entering order are rejected. The City Defendants' Motion to Strike is denied as to the request to strike Plaintiff's supporting materials submitted with Plaintiff's City CSOF and Plaintiff's Costa CSOF. However, although none of the materials are being stricken, only relevant materials will be considered in ruling on the motions for summary judgment.

The City Defendants' Motion to Strike is therefore DENIED in its entirety.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager