# MINUTE ORDER

CASE NUMBER:       CIVIL NO. 19-00116 LEK-WRP

CASE NAME:       Sarah Vargas vs. City and County of Honolulu et al.,

JUDGE:     Leslie E. Kobayashi     DATE:     06/22/2020

COURT ACTION:   EO: COURT ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO REDACT DECLARATION AND LEAVE TO FILE UNDER SEAL

      On January 29, 2020, Defendant Thayne Costa ("Costa") filed his Motion for Summary Judgment ("Costa Motion"), and Defendant City and County of Honolulu ("the City") filed its Motion for Summary Judgment ("City Motion"). [Dkt. nos. 100, 103.] On February 28, 2020, Plaintiff Sarah Vargas ("Plaintiff") filed her: memorandum in opposition to the City Motion; concise statement of facts in opposition to the City Motion ("Plaintiff's City CSOF"); memorandum in opposition to the Costa Motion; and concise statement of facts in opposition to the Costa Motion ("Plaintiff's Costa CSOF"). [Dkt. nos. 119, 120, 121, 122.]

      On June 17, 2020, Plaintiff filed her Emergency Motion to Redact Declaration and Leave to File under Seal ("6/17/20 Motion to Seal"). [Dkt. no. 162.] On June 18, 2020, the City and Costa ("the City Defendants") filed a statement of no opposition. [Dkt. no. 166.] At issue in the 6/17/20 Motion to Seal is the Declaration of Nicholas A. Sensley ("Sensley Declaration"), which the 6/17/20 Motion to Seal states was submitted in support of Plaintiff's City CSOF. See 6/17/20 Motion to Seal at 2; see also dkt. no. 120-2 (Sensley Decl. attached to Pltf.'s City CSOF). Plaintiff argues portions of the Sensley Declaration should be sealed because: they refer to the transcript of Defendant David Oh's ("Oh") hearing before the Honolulu Police Commission ("Police Commission"); and the transcript is subject to the January 15, 2020 stipulated protective order ("Protective Order") and a March 9, 2020 entering order sealing an excerpt of the transcript ("3/9/20 EO"). See dkt. no. 99; dkt. no. 136. Plaintiff proposes that: 1) the redacted version of the Sensley Declaration attached to the 6/17/20 Motion to Seal replace the version of the Sensley Declaration attached to Plaintiff's City CSOF; and 2) the version attached to Plaintiff's City CSOF be sealed.

      Although the 6/17/20 Motion to Seal only refers to the Sensley Declaration being submitted in support of Plaintiff's City CSOF, the Sensley Declaration was also submitted in support of Plaintiff's Costa CSOF. See dkt. no. 122-2. Presumably, Plaintiff seeks the

same relief as to the copy of the Sensley Declaration attached to Plaintiff's Costa CSOF.

Plaintiff must show compelling reasons to justify sealing portions of the Sensley Declaration, which was submitted in support of two dispositive motions. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (stating "compelling reasons must be shown to seal judicial records attached to a dispositive motion" (citation and internal quotation marks omitted)). The 6/17/20 Motion to Seal does not identify any reason to seal the portions of the Sensley Declaration discussing Oh's Police Commission hearing, except that Plaintiff states the hearing transcript is subject to the Protective Order and the 3/9/20 EO. However, the compelling reasons standard must still be satisfied. See id. ("The compelling reasons standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." (citation and internal quotation marks omitted)).

The 3/9/20 EO granted Plaintiff's February 28, 2020 Motion to File Exhibits under Seal for Plaintiff's Concise Statement of Facts in Opposition to Defendant Thayne Costa's Motion for Summary Judgment ("2/28/20 Motion to Seal"). See dkt. no. 123. The 2/28/20 Motion to Seal addressed both an excerpt of Oh's Police Commission hearing transcript and a disciplinary record that is part of Costa's personnel file. [2/28/20 Motion to Seal at 2.] Costa's personnel record is not at issue in the 6/17/20 Motion to Seal. The issue presented by the 6/17/20 Motion to Seal regarding the Sensley Declaration is distinguishable from the issue presented by the 2/28/20 Motion to Seal regarding Police Commission hearing transcript excerpt itself. The transcript has been given to Mr. Sensley, a third party who is outside of the employment dispute between Oh and the County. Mr. Sensley and Plaintiff used the transcript for purposes of this litigation, and Mr. Sensley's statements about the transcript were part of the publicly available record in this case for more than three months before Plaintiff filed the 6/17/20 Motion to Seal. Further, Oh's employment with the Honolulu Police Department has been terminated, and, even if the termination is still subject to an administrative appeal, there is no evidence that Mr. Sensley's statements about the Police Commission hearing impede or affect Oh's appeal rights in any way.

Plaintiff has failed to establish any compelling reason to seal the portions of the Sensley Declaration discussing Oh's Police Commission hearing. The 6/17/20 Motion to Seal is therefore DENIED.

In denying the 6/17/20 Motion to Seal, this Court expresses no opinions regarding the issue of whether Plaintiff violated the Protective Order. That issue is presently before the magistrate judge in the motion for sanctions that the County Defendants filed on June 17, 2020. [Dkt. no. 163.]

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager