IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH VARGAS, | ) | CIVIL NO. 19-00116 LEK-WRP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANTS CITY AND |
| | ) | COUNTY OF HONOLULU AND |
| CITY AND COUNTY OF | ) | THAYNE COSTA'S FRCP RULE |
| HONOLULU, DAVID OH, | ) | 37 MOTION FOR SANCTIONS |
| CORPORAL COSTA, DOES 1-100, | ) | AGAINST PLAINTIFF FOR |
| | ) | VIOLATION OF THE |
| Defendants. | ) | STIPULATED PROTECTIVE |
| | ) | ORDER |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE
COSTA'S FRCP RULE 37 MOTION FOR SANCTIONS AGAINST
PLAINTIFF FOR VIOLATION OF THE STIPULATED PROTECTIVE ORDER

Before the Court is Defendants City and County of Honolulu and

Thayne Costa's FRCP Rule 37 Motion for Sanctions Against Plaintiff for Violation

of the Stipulated Protective Order filed on June 17, 2020 (Motion).  See ECF No.

163.  Plaintiff filed her Opposition on July 6, 2020.  See ECF No. 146.  Defendants

filed their Reply on July 20, 2020.  See ECF No. 176.  The Court elects to decide

this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice

for the United States District Court for the District of Hawaii and vacates the

hearing set for August 6, 2020.

As discussed in detail below, the Court GRANTS IN PART AND DENIES IN PART the Motion.

BACKGROUND

In this litigation, Plaintiff alleges that she was sexually assaulted by Defendant David Oh, an Officer with the Honolulu Police Department, while he was on duty and responding to a 911 call at Plaintiff's home.  See ECF No. 38. Defendant Costa also responded to the 911 call at Plaintiff's home on the night of the alleged sexual assault.  See ECF No. 38 ¶ 24.  Defendant City and County of Honolulu employed both Defendant Oh and Defendant Costa.  See id.

The present dispute involves compliance with the Stipulated Protective Order, filed on January 15, 2020.  See ECF No. 99.  The Stipulated Protective Order gives the parties the right to designate as "confidential" any document produced in discovery that contained "personal and/or confidential information."  Id. at 1-2.  All documents designated as "confidential" are not to be used or disclosed "for any purpose whatsoever other than to conduct discovery, prepare motions, oppositions, replies and trial in this action."  Id. at 2.  If a party wants to file any "confidential" document in support of a motion, the Stipulated Protective Order requires the filing party to file a motion to seal seeking leave to file the "confidential" documents under seal.  Id. at 7-8.  The Stipulated Protective Order prohibits the disclosure of "confidential" documents "to any third persons or

2

entity (specifically including the media)." Id. at 3.  "Confidential" documents can only be disclosed to a limited group of people, including the parties, counsel and counsel's employees, consultants and experts, the court, and certain witnesses.  See id. at 3-4.  Any party contending that material designated as "confidential" is not actually "confidential" is required to meet and confer with the producing counsel before filing a motion to challenge the designation.  See id. at 6.

In the current Motion, Defendants contend that Plaintiff's counsel violated the Stipulated Protective Order on several occasions and ask the Court to sanction Plaintiff by striking the documents at issue, prohibiting Plaintiff from using the documents at trial, ordering Plaintiff's counsel to remove social media posts related to the documents at issue, and awarding reasonable attorney's fees and costs.  See ECF No. 163-1.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37, the Court may issue various sanctions for a party's failure to obey a discovery order like the Stipulated Protective Order at issue here.  See Fed. R. Civ. P. 37(b)(2).  This authority includes imposing a "sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order."  Harmon v. City of Santa Clara, 323 F.R.D. 617, 626 (N.D. Cal. 2018) (quoting Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir. 1983)); see also Fed. R. Civ. P.

37(b)(2)(C) (providing that "[i]nstead of or in addition to" other sanctions, "the court must order the disobedient party, [their attorney], or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). "Rule 37(b) sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes," but ultimately, "[t]he imposition and selection of particular sanctions are matters left to the sound discretion of the trial court." Id. (quoting Falstaff Brewing, 702 F.2d at 783-84).

## I. Undisputed Facts

The parties do not dispute the facts underlying this dispute. In their Motion, Defendants ask the Court to sanction Plaintiff based on Plaintiff's counsel's actions related to two documents: (1) a transcript of the 2018 predetermination hearing before the Honolulu Police Commission regarding Defendant David Oh (2018 Oh Transcript); and (2) the declaration of Nickolas A. Sensley (Sensley Declaration).

Regarding the 2018 Oh Transcript, this document was produced in discovery by Defendants and was designated as "confidential" pursuant to the Stipulated Protective Order. On February 28, 2020, Plaintiff filed two copies of the 2018 Oh Transcript on the public docket. See ECF Nos. 120-1 at 5-22; ECF No. 122-2 at 36-55. Although Plaintiff filed a motion to seal a different Honolulu

Police Commission transcript related to Defendant Oh from 2019 (2019 Oh Transcript), <u>see</u> ECF No. 123, Plaintiff did <u>not</u> seek to file the 2018 Oh Transcript under seal.

Regarding the Sensley Declaration, Plaintiff filed two copies of this declaration on the public docket in support of her opposition to Defendants' motions for summary judgment on February 28, 2020.  <u>See</u> ECF Nos. 120-2; ECF No. 122-2.  The Sensley Declaration included information taken from documents that were designated as confidential by Defendants.  Specifically, the Sensley Declaration quoted the 2019 Oh Transcript that Plaintiff had requested to file under seal and discussed other documents that had been designated as confidential related to Defendant Oh.  <u>See</u> <u>id.</u> ¶¶ 13, 25, 30, 31.  Plaintiff also filed the Sensley Declaration a third time on the public docket in support of her opposition to Defendants' motion to strike on March 23, 2020.  <u>See</u> ECF No. 145-13.

Further, on June 8, 2020, Plaintiff's counsel sent a letter to the Mayor of Honolulu regarding the confirmation of police commissioners, which quoted the Sensley Declaration and included a citation to this case, including the docket number of Sensley Declaration.  <u>See</u> ECF No. 171-2.  On the same day, Plaintiff's counsel posted a copy of his letter to the Mayor of Honolulu in a Facebook post and encouraged another Facebook user to share his post.  <u>See</u> ECF No. 163-4; ECF No. 163-2 ¶¶ 10-12.

Defendants' counsel contacted Plaintiff's counsel regarding the Sensley Declaration on June 16, 2020.  See ECF No. 171-1 ¶ 7.  Plaintiff's counsel immediately removed references to the Sensley Declaration from his social media posts.  See ECF No. 171-1 ¶ 8.  On June 17, 2020, Plaintiff filed an Emergency Motion to Redact Declaration and Leave to File Under Seal asking the court to remove the publicly filed Sensley Declaration and to replace it with a redacted version that sealed four paragraphs of the Sensley Declaration.  See ECF Nos. 162, 162-1.  On June 22, 2020, the district court denied Plaintiff's motion because Plaintiff had failed to establish compelling reasons to seal the relevant portions of the Sensley Declaration.  See ECF No. 168.  The court reasoned that Mr. Sensley is outside of the employment dispute between Defendant Oh and the Defendant City and County of Honolulu, Mr. Sensley's statements about the 2019 Oh Transcript had been a part of the publicly available record in this case for more than three months, Defendant Oh's employment with the Honolulu Police Department has been terminated, and there was no evidence that Mr. Sensley's statements about the 2019 Oh Transcript would affect Defendant Oh's rights.  See id.

## II. Violations of the Stipulated Protective Order

Based on the undisputed facts, the Court finds that Plaintiff's counsel violated the terms of the Stipulated Protective Order when he twice filed the 2018 Oh Transcript on the public docket and when he filed the Sensley Declaration on

the public docket three times. However, the Court finds that Plaintiff's counsel did not violate the Stipulated Protective Order when he quoted a portion of the Sensley Declaration in his letter to the Mayor of Honolulu or when he posted a copy of that letter on Facebook.

First, there is no dispute that the 2018 Oh Transcript was designated "confidential" under the Stipulated Protective Order and that Plaintiff did not challenge this designation with Defendants or with the Court. The Stipulated Protective Order expressly provides that a party who wants to file a "confidential" document in support of a motion must first seek leave to file the "confidential" documents under seal. See ECF No. 99 at 7-8. Plaintiff did not file a motion seeking leave to file the 2018 Oh Transcript under seal and instead filed the 2018 Oh Transcript on the public docket two times, which violated the terms of the Stipulated Protective Order.

Second, there is no dispute that portions of the Sensley Declaration quoted the 2019 Oh Transcript, which was designated confidential and filed under seal at Plaintiff's request, and discussed other documents that had been designated as confidential related to Defendant Oh. See ECF No. 120-2 ¶¶ 13, 25, 30, 31; ECF No. 122-2 ¶¶ 13, 25, 30, 31. Plaintiff filed the Sensley Declaration on the public docket three times without first seeking leave to file the confidential portions under seal, which violated the terms of the Stipulated Protective Order.

7

Third, although Plaintiff's letter to the Mayor of Honolulu quoted the Sensley Declaration, it did not quote a portion of the Sensley Declaration that contained "confidential" information or revealed information from "confidential" documents.  See ECF No. 171 (quoting the first sentence of paragraph 31 and the second sentence of paragraph 32 of the Sensley Declaration).  The portion of the Sensley Declaration quoted in Plaintiff's letter does not reference the 2019 Oh Transcript or any other document designated "confidential" by Defendants.  Although the Stipulated Protective Order prohibits the disclosure of "confidential" documents "to any third persons or entity (specifically including the media)" and limits the use of "confidential" documents to this litigation, see ECF No. 99 at 3, Plaintiff did not disclose or use the portions of the Sensley Declaration that referenced and quoted "confidential" documents.  Plaintiff's counsel did not violate the terms of the Stipulated Protective Order by quoting the Sensley Declaration in his letter to the Mayor of Honolulu.

Fourth, for the same reasons, the Court finds that Plaintiff's counsel did not violate the Stipulated Protective Order when he posted a copy of his letter on Facebook.  Plaintiff did not disclose or use the portions of the Sensley Declaration that referenced and quoted "confidential" documents in his letter.  Accordingly, Plaintiff's counsel did not violate the Stipulated Protective Order by posting a copy of his letter on Facebook.

### III. Appropriate Sanctions

Defendants ask the Court to sanction Plaintiff by striking the documents at issue from the record, prohibiting Plaintiff from using the documents at trial, ordering Plaintiff's counsel to remove social media posts related to the documents at issue, and awarding reasonable attorney's fees and costs.  See ECF No. 163-1.  As discussed below, the Court finds that Defendants' requested sanction are not appropriate and instead issues a formal warning to Plaintiff's counsel as sanction for his violations of the Stipulated Protective Order.

First, Defendants ask the Court to strike the 2018 Oh Transcript and the Sensley Declaration from Plaintiff's oppositions to Defendants' motions for summary judgment.  The Court finds that this request is moot because the district court has already issued its decision on the motions for summary judgment.  See ECF No. 170.

Second, the Court declines to prohibit Plaintiff from using the 2018 Oh Transcript and the Sensley Declaration at trial.  Generally, preclusive sanctions are appropriate where discovery or evidence has been withheld from the other party.  See, e.g., Dey, L.P. v. Ivax Pharm., Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005).  Here, precluding Plaintiff from using the documents at issue at trial bears no rational relationship to Plaintiff's counsel's violation of the Stipulated Protective Order and would not "hold the scales of justice even." See Grimes v.

9

City & Cty. of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (quoting C.

Wright & A. Miller, Federal Practice and Procedure: Civil § 2284 (1970 & Supp.

1988)).

Third, the Court denies Defendants' request to order the removal of

Plaintiff's counsel's social media posts because, as discussed above, Plaintiff's

counsel's posts did not violate the terms of the Stipulated Protective Order.

Fourth, regarding Defendants' request for an award of reasonable

attorneys' fees and costs, under Rule 37(b), instead of or in addition to other

sanctions, "the court must order the disobedient party, the attorney advising that

party, or both to pay the reasonable expenses, including attorney's fees, caused by

the failure."  Fed. R. Civ. P. 37(b)(2)(C).  However, the Court must not award

reasonable expenses if the failure was "substantially justified," or "other

circumstances made an award of expenses unjust."  Id.

Here, the Court finds that Plaintiff's counsel's failure to comply with

the Stipulated Protective Order was not substantially justified.  Plaintiff bears the

burden of establishing that the conduct was substantially justified.  See Yeti by

Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106–07 (9th Cir. 2001);

Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) ("Under Rule 37(b)(2),

. . . the burden of showing substantial justification and special circumstances is on

the party being sanctioned.").  Substantial justification requires a showing that the

discovery conduct has "a reasonable basis in both law and fact." Pierce v.

Underwood, 487 U.S. 552, 565 (1988). The discovery conduct must meet "the

traditional reasonableness standard—that is justified in substance or in the main, or

to a degree that could satisfy a reasonable person." Id. (internal quotations

omitted). Reasonable people could not differ on whether Plaintiff's counsel's

failure to comply with the Stipulated Protective Order was justified. The

Stipulated Protective Order clearly states that if a party wants to use a document

designated "confidential" in support of a motion that party must seek leave to file

the document under seal. See ECF No. 99 at 3. The 2018 Oh Transcript was

designated "confidential" by Defendants and is marked at the bottom of each page

as "CONFIDENTIAL--PURSUANT TO STIPULATED PROTECTIVE ORDER."

See ECF Nos. 120-1 at 5-22; ECF No. 122-2 at 36-55. Additionally, portions of

the Sensley Declaration quote the 2019 Oh Transcript, which was similarly

designated and marked, and which Plaintiff appropriately requested to file under

seal in conjunction with Plaintiff's opposition. See ECF No. 139-1. The Court is

unpersuaded by Plaintiff's counsel's argument that the Stipulated Protective Order

unfairly placed the burden on Plaintiff regarding "confidential" documents. See

ECF No. 171 at 6-7; ECF No. 171-1 ¶ 10. Plaintiff's counsel did not even attempt

to comply with the Stipulated Protective Order as to these two documents.

Plaintiff's counsel did not challenge the designations with Defendants or with the

Court and did not file a motion to seal these documents.  Further, Plaintiff's

counsel's burden argument is undercut by the fact that Plaintiff was able to fully

comply with the Stipulated Protective Order as to other documents, as

demonstrated by Plaintiff's successful motion to seal the 2019 Oh Transcript.

Although not entirely clear from the briefing, to the extent Plaintiff's argues that

counsel's actions were substantially justified because Plaintiff paid for the

production of documents, the Court is unpersuaded because the cost of discovery is

entirely unrelated to the present dispute.  See ECF No. 171 at 7 n.1; ECF No. 171-

1 ¶ 11.

Although the Court finds that Plaintiff's counsel's failure to comply

with the Stipulated Protective Order was not substantially justified, the Court finds

that other circumstances made an award of expenses unjust.  See Fed. R. Civ. P.

37(b)(2)(C).  As noted by Plaintiff, as soon as Defendants brought the issue related

to the Sensley Declaration to counsel's attention, Plaintiff filed a motion seeking to

remove the document from the public docket and to file the confidential portions

under seal.  See ECF No. 171 at 4; ECF No. 162.  As noted by the district court in

denying that motion, these documents have been publicly available since February

2020 and Defendant Oh's employment has been terminated.  See ECF No. 168.

Although Plaintiff's counsel violated the terms of the Stipulated Protective Order,

there is no evidence that he did so in bad faith, and in fact, he acted in good faith

12

by immediately removing his social media posts and filing the motion to seal.  See

Hyde & Drath, 24 F.3d at 1171 ("While a finding of bad faith is not a requirement

for imposing sanctions, good or bad faith may be a consideration in determining

whether imposition of sanctions would be unjust.").  In light of these

circumstances, the Court finds that an award of expenses would be unjust.

Finally, the Court finds that a formal warning to Plaintiff's counsel

that monetary sanctions will be imposed if the Stipulated Protective Order is again

disobeyed is sufficient for the misconduct at issue and under the circumstances.

CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Defendants

City and County of Honolulu and Thayne Costa's FRCP Rule 37 Motion for

Sanctions Against Plaintiff for Violation of the Stipulated Protective Order as

detailed above.  Plaintiff's counsel is formally warned that monetary sanctions will

be imposed if he disobeys the Stipulated Protective Order again.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAII, JULY 23, 2020.



_____

Wes Reber Porter
United States Magistrate Judge

**VARGAS V. CITY AND COUNTY OF HONOLULU, , ET AL.; CIVIL NO. 19-00116 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE COSTA'S FRCP RULE 37 MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR VIOLATION OF THE STIPULATED PROTECTIVE ORDER**

13