**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARAH VARGAS,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>THAYNE COSTA; CITY AND COUNTY OF HONOLULU,<br><br>      Defendants-Appellants,<br><br> and<br><br>DAVID OH,<br><br>      Defendant. | No. 19-17447<br><br>D.C. No.<br>1:19-cv-00116-LEK-WRP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted November 17, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court denied qualified immunity to Honolulu Police Officer Thayne Costa in this 42 U.S.C. § 1985(3) action, in which Count III alleges that Officer Costa was complicit in a sexual assault committed by Honolulu Police Officer David Oh against Sarah Vargas. We have jurisdiction of this appeal by Costa and the pendent appeal by the City and County of Honolulu under 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Huskey v. City of San Jose*, 204 F.3d 893, 904-05 (9th Cir. 2000) (discussing pendent appellate jurisdiction). We reverse the district court's order denying qualified immunity and remand with instructions to dismiss Count III of the operative First Amended Complaint.

1. A state official is entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). In a § 1985(3) action, the first prong requires plausible allegations of a conspiracy to deprive the plaintiff of equal protection of the law. *See Fazaga v. F.B.I.*, 965 F.3d 1015, 1059 (9th Cir. 2020). A conspiracy is "an agreement to do an unlawful act." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

2.      The First Amended Complaint alleges only that after Costa and Oh responded to a call for help from Vargas's sister, Costa left Oh alone with a "drunk and nearly naked" Vargas in her apartment.  According to the First Amended Complaint, Oh then sexually assaulted Vargas, and Costa later gave unspecified "false and contradictory statements to Federal and State law enforcement" about the incident.  Even if assumed true, these bare allegations do not suffice to establish that Costa conspired with Oh to allow the sexual assault and cover it up.  See Karim-Panahi, 839 F.2d at 626.  Because Vargas therefore has not plausibly alleged that Costa conspired with Oh, Costa was entitled to qualified immunity.[1]

**REVERSED AND REMANDED** with instructions to dismiss Count III of the First Amended Complaint against Costa and the City and County of Honolulu.

---

[1]     We therefore need not address at this time whether Costa is also entitled to qualified immunity on the ground that it is not clearly established on the facts alleged whether persons working for the same entity can commit conspiracy under 42 U.S.C. § 1985(3).  See Abbasi, 137 S. Ct. at 1868–69; Fazaga, 965 F.3d at 1060.