IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SARAH VARGAS, | CIVIL NO. 19-00116 LEK-WRP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY THE DEPARTMENT OF CORPORATION COUNSEL, CORPORATION COUNSEL, AND DEPUTIES CORPORATION COUNSEL |
| vs. | |
| CITY AND COUNTY OF HONOLULU, ET AL., | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
THE DEPARTMENT OF CORPORATION COUNSEL, CORPORATION
COUNSEL, AND DEPUTIES CORPORATION COUNSEL

Before the Court is Plaintiff's Motion to Disqualify the Department of Corporation Counsel, Corporation Counsel, and Deputies Corporation Counsel (Motion), which seeks to disqualify defense counsel from representing both Defendant City and County of Honolulu and Defendant Thayne Costa in this action because such representation purportedly violates Rule 1.7 of the Hawaiʻi Rules of Professional Conduct (HRPC). See ECF No. 210. Defendants filed their Opposition on November 23, 2020. See ECF No. 215. Plaintiff filed her Reply on December 7, 2020. See ECF No. 219. The Court finds the Motion suitable for disposition without a hearing pursuant to the Local Rules of Practice for the United States District Court for the District of Hawaii Rule 7.1(c).

After careful consideration of the record in this action and the relevant legal authority, the Court DENIES the Motion.

## BACKGROUND

In this litigation, Plaintiff alleges that she was sexually assaulted by Defendant David Oh, an Officer with the Honolulu Police Department, while he was on duty and responding to a 911 call at Plaintiff's home. See ECF No. 38. Defendant Costa also responded to the 911 call at Plaintiff's home on the night of the alleged sexual assault. See ECF No. 38 ¶ 24. Defendant City and County of Honolulu employed both Defendant Oh and Defendant Costa. See id.

This action was filed on March 6, 2019. See ECF No. 1. The Department of the Corporation Counsel has represented both Defendant City and County of Honolulu and Defendant Costa in this litigation since June 2019. See ECF No. 30. Default was entered against Defendant Oh for his failure to appear and defend this action on March 10, 2020. See ECF No. 137.

Trial in this matter has been bifurcated. See ECF No. 206. The first trial is set for February 16, 2021, on Plaintiff's claims for negligence and negligent infliction of emotional distress. See id. A second trial on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment right to bodily integrity, violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and negligent training and supervision will follow. See id.

## DISCUSSION

In the present Motion, Plaintiff argues that she has standing to move to disqualify and that the Department of the Corporation Counsel must be disqualified under HRCP Rule 1.7 from representing both Defendant City and County of Honolulu and Defendant Costa. See ECF No. 210, 219. Plaintiff argues that a conflict exists because "it is in the City's interest to place as much of the liability for Plaintiff's injury on Costa in order to reduce the City's own liability" and that "it is in Costa's interest to assign liability to Plaintiff's injury to the City's faulty training regimen." See ECF No. 210-1 at 2. Plaintiff argues that these "adversarial positions" constitute a non-waivable conflict of interest under HRPC Rule 1.7. Id. at 3.

### I. Timeliness

As an initial matter, the Court finds that Plaintiff's Motion is untimely. Plaintiff filed this Motion 74 days after the deadline to file non-dispositive motions closed on August 19, 2020. See ECF No. 183. The Court finds that Plaintiff was not diligent in seeking to continue this deadline or in pursuing the discovery that Plaintiff asserts was necessary in order to bring this Motion. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding that Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment).

3

The Court in unpersuaded by Plaintiff's arguments that she could not have brought this motion before the deadline expired because she needed to take Defendant Costa's deposition.  See ECF No. 210-1 at 6-7.  Plaintiff chose to wait to depose Defendant Costa until after the applicable motions deadline expired and chose not to seek any extension of the non-dispositive motions deadline pending that discovery.  Again, defense counsel has represented both Defendant City and County of Honolulu and Defendant Costa since June 2019.  See ECF No. 30.  Despite being on notice regarding the joint representation for more than 17 months, Plaintiff did not raise any issue regarding a potential conflict of interest until three months before trial is scheduled to begin.  Aside from the merits of the Motion, which are addressed below, the Court finds that Plaintiff's Motion is untimely and should be denied on that basis.

## II.  Standing

Before addressing any conflict of interest, the Court must first consider Plaintiff's standing to raise this issue.  "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the [ ] client moves for disqualification."  Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting United States v. Rogers, 9 F.3d 1025, 1031 (2d Cir. 1993)).  The Ninth Circuit has stated that "it has difficulty seeing how [an opposing party] has standing to complain about a possible conflict of interest arising out of common

4

representation of defendants . . . having nothing to do with her own representation." Id.[1]

However, courts have recognized two exceptions to this general rule. First, when an ethical breach is "so severe that it obstructs the orderly administration of justice, the party who finds his claims obstructed has standing" to bring a motion to disqualify. Colyer v. Smith, 50 F. Supp. 2d 966, 972 (C.D. Cal. 1999) (citation omitted). Put differently, "where the ethical breach *so infects the litigation* . . . that it impacts the moving party's interest in a just and lawful determination of her claims," the moving party can have standing to bring a motion to disqualify. Id. (emphasis added).

Second, courts have an "inherent obligation to manage the conduct of attorneys who appear before [them] and to ensure the fair administration of justice." Colyer, 50 F. Supp. 2d at 972 (citing Chambers v. NASCO, Inc., 501

---

[1] See also Hechavarria v. City and Cty. of SF, 463 Fed. Appx. 632 (9th Cir. 2011) ("Because [plaintiff] was never in an attorney-client relationship with the City Attorney, the district court properly concluded that he lacked standing to assert a motion to disqualify."); Blacktail Mountain Ranch Co., LLC v. Jonas, 611 Fed. App. 430, 431 (9th Cir. 2015) ("Plaintiffs lacked standing to move for disqualification because they were not clients or former clients of Defendants' counsel"); De Dios v. Int'l Realty & Inv., 641 F.3d 1071, 1076-77 (9th Cir. 2011) (describing as "well- grounded and legally correct" the lower court's finding that the plaintiff "lacked standing to seek disqualification for defense counsel's alleged breach of duties to his client"); Rich v. Bank of America, 666 Fed. Appx. 635 (9th Cir. 2016) (affirming lower court's determination that plaintiff lacked standing to bring a motion to disqualify defense counsel because it represents clients with conflicting interests).

5

Case 1:19-cv-00116-LEK-WRP   Document 220   Filed 12/10/20   Page 6 of 10   PageID #: 2195

U.S. 32, 43-44 (1991)).  This obligation overrides any "prudential barrier to litigating the rights and claims of third parties," like standing.  Id.

These two exceptions are noted in Comment 15 to Rule 1.7, which provides that although resolving questions of conflicts of interest is primarily the responsibility of each lawyer, the Court may raise the issue "when there is reason to infer that the lawyer has neglected the responsibility" and opposing counsel may raise the issue if "the conflict is such that it clearly calls into question the fair or efficient administration of justice."  HRPC 1.7 cmt. 15.

Here, the Court finds that Plaintiff lacks standing to challenge the purported conflict of interest at issue and that the purported conduct does not rise to the level to warrant judicial oversight.  Plaintiff, who is not a former or current client, argues that the alleged ethical breach would impact her interest in a just and lawful determination of her claims.  But Plaintiff gives no concrete, specific explanation of how her interests have been injured or will be injured by the continued joint representation of Defendant City and County and Defendant Costa. Although Plaintiff posits hypothetical "adversarial positions" between Defendant City and County and Defendant Costa, no such positions have been taken by the Defendants in this litigation.  See ECF No. 210-1 at 3-4; ECF No. 215 at 14 ("As the City and Costa have consistently and constantly maintained that the City and Costa *both* committed no wrongs against Plaintiff, and are thus both not negligent,

their defenses are not 'directly adverse.'"). Second, the Court rejects Plaintiff's contention that the Court must consider the conflict under its own inherent power. See ECF No. 219 at 8-9. The Court finds that Plaintiff has not demonstrated any conflict that "clearly calls into question the fair and efficient administration of justice." Comment 15 to HRPC Rule 1.7; see Colyer, 50 F. Supp. 2d at 971 ("The alleged conflict – if it exists – simply does not rise to the level where it infects the proceedings and threatens [the plaintiff's] individual right to a just determination of his claims."). For these reasons, the Court finds that Plaintiff lacks standing to raise the issue of a conflict of interest in the continued joint representation of Defendants.

Even assuming that Plaintiff has standing, the Court finds that there is no conflict in the Department of the Corporation Counsel's representation of both Defendant City and County of Honolulu and Defendant Costa in this litigation.

### III. Conflict of Interest Under HRPC 1.7

In relevant part, HRPC Rule 1.7(a) provides "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." HRPC 1.7(a). Rule 1.7(b) allows clients to give

7

written consent to a concurrent conflict of interest under certain circumstances.[2] The party seeking disqualification "carries a heavy burden and must satisfy a high standard of proof because of the potential for abuse." Franson v. City & Cty. of Honolulu, 2017 WL 372976, at *9 (D. Haw. Jan. 25, 2017) (citations omitted); see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985) ("Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny.") (citations omitted). A motion for disqualification "should not be decided on the basis of general and conclusory allegations." Franson, 2017 WL 372976, at *9. A court's factual findings for disqualification must be "supported by substantial evidence." Id.

---

[2] Rule 1.7 provides in full:
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
   (1) the representation of one client will be directly adverse to another client; or
   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
   (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
   (2) the representation is not prohibited by law;
   (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
   (4) each affected client gives consent after consultation, confirmed in writing.

The Court finds that Plaintiff has failed to carry the heavy burden and satisfy the high standard of proof to demonstrate that a conflict exists under HRPC Rule 1.7. First, Plaintiff has not shown that the representation of Defendant City and County of Honolulu will be directly adverse to the representation of Defendant Costa, or vice versa. See HRPC 1.7(a)(1). None of the claims asserted against Defendants require either Defendant City and County of Honolulu or Defendant Costa to take adverse positions. Second, Plaintiff has failed to show that there is a significant risk that the representation of Defendant Costa will be materially limited by counsel's responsibilities to Defendant City and County of Honolulu. See HRPC 1.7(a)(2). As detailed in the Opposition, Defendant City and County of Honolulu or Defendant Costa have a unified theory of defense that does not include taking adverse positions. See ECF No. 215 at 15-17. The Court finds that Plaintiff has failed to demonstrate that a conflict exists. See, e.g., Rascon v. Brookins, 2017 WL 1019660, at *2 (D. Ariz. Mar. 16, 2017) ("Plaintiff's argument regarding the potential conflict that may arise between the Individual Defendants and the City is insufficient for disqualification as Defendants have affirmatively asserted that their interests align.").

Further, the Court rejects Plaintiff's argument that a written waiver was required. See ECF No. 219 at 13-14. It is only if a concurrent conflict exists that counsel must obtain the written consent of each client to proceed with the

representation.  See HRPC 1.7(b)(4).  The Court finds that Plaintiff has failed to present substantial evidence that a concurrent conflict of interest exists between Defendant City and County of Honolulu and Defendant Costa.  Accordingly, even setting aside the untimeliness of the Motion and Plaintiff's lack of standing, Plaintiff's request to disqualify defense counsel under HRPC Rule 1.7 is DENIED.

## CONCLUSION

Plaintiff's Motion to Disqualify the Department of Corporation Counsel, Corporation Counsel, and Deputies Corporation Counsel is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, DECEMBER 10, 2020.



_____
Wes Reber Porter
United States Magistrate Judge

**VARGAS V. CITY AND COUNTY OF HONOLULU, , ET AL.; CIVIL NO. 19-00116 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY THE DEPARTMENT OF CORPORATION COUNSEL, CORPORATION COUNSEL, AND DEPUTIES CORPORATION COUNSEL**