IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH VARGAS, | ) | CIVIL NO. 19-00116 LEK-WRP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO REOPEN |
| vs. | ) | DISCOVERY FOR THE LIMITED |
| | ) | PURPOSE OF PRODUCING THE |
| CITY AND COUNTY OF | ) | CITY AUDITOR'S AUDIT OF |
| HONOLULU, ET AL., | ) | THE HONOLULU POLICE |
| | ) | DEPARTMENT'S POLICIES, |
| Defendants. | ) | PROCEDURES, AND CONTROLS, |
| | ) | AND ALLOWING EXPERTS TO |
| | ) | REVISE REPORTS IN LIGHT OF |
| | ) | NEW EVIDENCE |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY
FOR THE LIMITED PURPOSE OF PRODUCING THE CITY AUDITOR'S
AUDIT OF THE HONOLULU POLICE DEPARTMENT'S POLICIES,
PROCEDURES, AND CONTROLS, AND ALLOWING EXPERTS TO
<u>REVISE REPORTS IN LIGHT OF NEW EVIDENCE</u>

Before the Court is Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Producing the City Auditor's Audit of the Honolulu Police Department's Policies, Procedures, and Controls, and Allowing Experts to Revise Reports in Light of New Evidence, filed on May 18, 2021 (Motion). <u>See</u> ECF No. 234. Defendant City and County of Honolulu and Defendant Costa filed their Opposition on May 26, 2020. <u>See</u> ECF No. 237. Plaintiff filed her Reply on June 2, 2021. <u>See</u> ECF No. 238. The Court elected to decide this matter without a hearing pursuant to Local Rule 7.1(c). <u>See</u> ECF No. 235. As discussed in detail

below, the Court DENIES the Motion.

## BACKGROUND

This Section 1983 action was filed on March 6, 2019.  See ECF No. 1. Trial was initially set for June 2020.  See ECF No. 33.  The Court continued trial and unexpired pretrial deadlines in November 2019.  See ECF Nos. 59, 61, 67. Trial was then set for November 2020.  See ECF Nos. 68, 69.  Under the Amended Scheduling Order, expert witness disclosures expired in May and June 2020 and the discovery deadline expired on September 18, 2020.  See ECF No. 69.  After the Court granted Plaintiff's second motion to continue the expert disclosure deadlines as to psychological/psychiatric experts only, a Second Amended Scheduling Order was issued continuing trial to February 2021.  See ECF Nos. 181, 182, 193.  The Second Amended Scheduling Order *did not* continue the expert disclosure deadlines as to other experts or the discovery deadline.  See ECF No. 183. Plaintiff thereafter filed two more motions to continue the expert disclosure deadlines as to psychological/psychiatric experts only, which the Court also granted.  See ECF Nos. 159, 181, 208, 209.  Because of the multiple continuances of the expert disclosure deadlines as to psychological/psychiatric experts only, trial was continued for a third time to August 2021.  See ECF Nos. 225, 226, 227.[1]

---

[1] The Court granted Defendants' motion to bifurcate trial on September 21, 2020.  See ECF No. 206.  The first trial will proceed on Plaintiff's claims for negligence and negligent infliction of emotional distress; the second

Although trial was continued, the Third Amended Scheduling Order *did not* continue the expert disclosure deadlines as to other experts or the discovery deadline, both of which had expired.  See ECF No. 227.

On May 18, 2020, Plaintiff filed the present Motion asking the Court to reopen discovery related to a document titled Audit of the Honolulu Police Department's Policies, Procedures, and Controls, Resolution 19-255, A Report to the Mayor and the City Council of Honolulu, submitted by the City Auditor, City and County of Honolulu, State of Hawaii, dated December 2, 2020 (Audit Report). See ECF No. 234.  Specifically, Plaintiff asks for discovery to be reopened to allow the parties to produce the Audit Report and to allow the parties to produce revised expert reports that incorporate their experts' analyses of the Audit Report. See id.

## DISCUSSION

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the

---

trial, to be set after the first trial is complete, will proceed on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment right to bodily integrity, violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and negligent training and supervision.  See id.  In that order, the Court expressly held that all pretrial deadlines, including discovery and expert deadlines, applied to the entire action.  See id. at 5.

amendment.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Specifically as to motions to reopen discovery, the Ninth Circuit has enumerated six factors for district courts to consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

**I. Reopening Discovery to Allow the Parties to Produce the Audit Report is Not Necessary**

As noted above, the discovery deadline closed on September 18, 2020.  In her Motion, Plaintiff asks the Court to reopen the discovery deadline to allow both Plaintiff and Defendant City and County of Honolulu to produce the Audit Report.  See ECF No. 234-1 at 6-8.  It is not necessary to reopen the discovery deadline for this purpose.  To the extent the Audit Report is responsive to any discovery request, the parties have an ongoing obligation under Rule 26(e) to supplement their discovery responses.  See Fed. R. Civ. P. 26(e)(1).  Further, discovery does not be to be reopened to compel the production of the Audit Report

because it is publicly available and was attached to Plaintiff's Motion. See ECF No. 234-4; http://www.honolulu.gov/rep/site/orca/candors/Audit_of_HPDs_ Policies_Procedures_and_Controls_Final_Report.pdf. Accordingly, the Court DENIES as moot Plaintiff's request to reopen discovery to allow the parties to produce the Audit Report.

**II. Plaintiff Was Not Diligent in Seeking to Reopen Discovery as to Experts**

As noted above, the expert disclosure deadlines closed in May and June 2020. In her Motion, Plaintiff asks the Court to reopen the discovery deadline to allow the parties to provide revised expert reports that analyze and opine on the Audit Report. See ECF No. 234-1. The Court finds that Plaintiff was diligent in seeking to reopen discovery for this purpose. The Audit Report has been publicly available since early December 2020. However, Plaintiff did not file the present Motion until May 18, 2020, more than *five months* after the report was published. This five-month delay does not demonstrate diligence. The fact that trial has been bifurcated as to certain claims does not excuse Plaintiff's unexplained delay in seeking to reopen discovery after the Audit Report was published. In their Opposition, Defendants argue that they would be prejudiced if Plaintiff's expert were allowed to opine on the Audit Report because that would necessitate additional discovery. The Court agrees. At a minimum, Defendants' expert would

have to formulate a rebuttal opinion and further depositions of both experts would have to be taken.  Although the Audit Report may contain information that is relevant to the claims and defenses in this litigation, that does not outweigh the other factors that all weigh in favor of denying Plaintiff's request.  See City of Pomona, 866 F.3d at 1066.  Accordingly, the Court DENIES Plaintiff's request to reopen discovery to allow the parties to produce new expert reports that incorporate their experts' analyses of the Audit Report.

### III. The Court Makes No Findings Regarding the Use or Admissibility of the Audit Report at Trial

In both the Opposition and Reply, the parties argue about the use and admissibility of the Audit Report at trial.  See, e.g., ECF No. 237 at 7, 15, 26 (arguing that the Audit Report "has no trial relevance" and is hearsay); ECF No. 238 at 5, 9, 11 (stating the Plaintiff intends to use the Audit Report for impeachment purposes at trial).  These matters are not properly before this Court in the present Motion.  The Court makes no findings regarding the use or admissibility of the Audit Report at trial.

## CONCLUSION

The Court DENIES Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Producing the City Auditor's Audit of the Honolulu Police Department's Policies, Procedures, and Controls, and Allowing Experts to Revise

Reports in Light of New Evidence.

       IT IS SO ORDERED.

       DATED, HONOLULU, HAWAII, JUNE 4, 2021.



_____
Wes Reber Porter
United States Magistrate Judge

**VARGAS V. CITY AND COUNTY OF HONOLULU, , ET AL.; CIVIL NO. 19-00116 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF PRODUCING THE CITY AUDITOR'S AUDIT OF THE HONOLULU POLICE DEPARTMENT'S POLICIES, PROCEDURES, AND CONTROLS, AND ALLOWING EXPERTS TO REVISE REPORTS IN LIGHT OF NEW EVIDENCE**