IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SARAH VARGAS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, DAVID OH, and THAYNE COSTA,<br><br>    Defendants. | CIVIL NO. 19-00116 LEK-WRP<br><br>[CIVIL RIGHTS ACTION]<br><br>MEMORANDUM IN SUPPORT OF MOTION<br><br>Judge: Hon. Leslie E. Kobayashi<br>Trial Date: August 3, 2021 |

## MEMORANDUM IN SUPPORT OF MOTION

**I.  INTRODUCTION**

Relevant portions of the Office of the City Auditor's Audit of the Honolulu Police Department's Policies, Procedures, and Controls (the "***HPD Audit,***" and attached hereto as Exhibit A) can be used (1) for impeachment purposes and (2) as substantive evidence at trial to show that Defendant THAYNE COSTA ("***Costa***") should not have left Plaintiff Sarah Vargas ("***Vargas***") alone with Defendant DAVID OH ("***Oh***").

Portions of the HPD Audit are admissible into evidence for impeachment purposes. For example, Costa may testify at trial, as he did during his deposition, that a "a female is safe with any police officer." Deposition of Thayne Costa at 70-72 (Sep. 17, 2020) (attached hereto as Exhibit B). Similarly, Defendants' expert, John G. Peters, Jr. ("***Peters***"), claims that Costa "had no way of knowing Officer

Oh is going to have sexual intercourse with Ms. Vargas." Expert Opinion Report: John G. Peters, Jr., Ph.D, CTC, CLS, at 13 (June 17, 2020) ("***Peters Report,***" attached hereto as Exhibit C). The HPD Audit belies such conclusions when it finds that between 2015 through 2019 domestic violence and sex assault were among the crimes most often alleged in complaints and recommended for discharge. HPD Audit at p. 21. Additionally, portions of the HPD Audit should be allowed as substantive evidence as well, because the audit is relevant to Costa's breach of duty to Plaintiff and qualifies as an opposing party statement, public record, and self-authenticating document by the Defendant City and County of Honolulu (the "***City***"). *See* FRE Rules 801(d)(2), 803(8), and 902(5).

## II.   FACTUAL BACKGROUND

On March 14, 2017, Honolulu Police Department ("***HPD***") officer Oh sexually assaulted Plaintiff Sarah Vargas ("***Vargas***") in her home.[1] Officers Oh and Costa were in Vargas' home as uniformed, on-duty HPD officers in order to investigate a 911 call alleging Vargas had assaulted her friend Jessica Reyes and her daughter. MSJ Order at 4-5, 49.

---

[1] While Defendants maintain that Plaintiff was not assaulted, because Plaintiffs' sexual acts with Oh that night were consensual, Plaintiff maintains that she did not consent and could have consented as she was intoxicated, in investigatory custody, and under the threat of arrest.  Order Denying Defendant Thayne Costa's Motion for Summary Judgment and Granting in Part Defendant's City and County of Honolulu's Motion for Summary Judgment at 8, Dkt. 170 (June 30, 2020) ("***MSJ Order***").

2

On the night in question, Plaintiff was "intoxicated, agitated, and wearing little clothing." *Id*. at 18. Plaintiff also maintains she was also in investigatory custody by HPD and could have been arrested at any time. Defendant Costa left Vargas alone with officer Oh, who took Plaintiff to her bedroom, where he sexually assaulted her. There is also evidence that Oh and Costa did not follow standard police procedure by leaving Plaintiff alone with Oh. *Id*. at 19-20.

In this first trial, Plaintiff seeks damages against Defendant Costa for negligence and negligent infliction of emotion distress and against Defendant City under *respondeat superior*. Two main issues for trial are whether Defendant Costa was negligent for leaving Plaintiff in an obviously vulnerable position alone with Oh and whether Costa's actions were within the scope of his employment with the City.

In his deposition, Costa claimed in that the policy against male officers transporting a female arrestee (HPD Policy 7.02 IV.B.) was there to protect the officer, because "a female is safe with any police officer." See Exhibit B, Transcript of Deposition of Thayne Costa at 70-72. Similarly, in his expert report, Peters claims, without any citations or data, that Costa "had no way of knowing Officer Oh is going to have sexual intercourse with Ms. Vargas." Peters Report at 13. xx

In December 2020, the Office of the City Auditor published the HPD Audit.

The portions of the HPD Audit that Plaintiff seek to use during the first trial are:

> In our review, we noted many situations where officers were being reviewed for not properly reporting or intervening to prevent misconduct actions.
>
> While it initiates this training program, the department already has significant information from its complaint resolution and discipline process to already develop responsive preventive training. For example, in the past five years, at least 27 percent of the officers recommended for suspension or discharge discipline annually had complaints alleging criminal conduct. Domestic violence, sex assault and driving under the influence were the crimes most often alleged in complaints and recommended for discharge, while assault and harassment were the most often alleged in complaints and recommended for suspension.

HPD Audit at 61-62.

> Between 2015-2019, the types of offenses alleged resulting in a recommendation for discharge included driving under the influence (DUI/OVUII), domestic violence, sex assault, theft, assault, federal charges, harassment, and multiple charges arising from a violent incident. The top crimes alleged annually for officers receiving discharge discipline over the last five years has been DUI twice most recently, domestic violence twice, and sex assault once. These three crime categories have been the top three crimes involved for officers receiving discipline discharge recommendations in three of the past five years.

HPD Audit at 31.

### III. LEGAL STANDARD

In both civil and criminal trials, "[a] motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions *in limine* may also be used to allow a party to use or admit evidence at trial. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 754 (2000) (affirming motion *in limine* seeking to admit prior felony convictions at trial). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984); *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (explaining motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial" (citations omitted)).

### IV. DISCUSSION

#### A. The HPD Audit May Be Used for Impeachment Purposes.

The HPD Audit may be used to impeach witnesses who maintain the Plaintiff's sex assault was not foreseeable, such as Defendants' expert Peters, or that "a female is safe with any police officer," as Costa stated during his deposition.

Specifically, the HPD Audit shows that sex assault and domestic violence were among the "crimes most often alleged in complaints and recommended for

5

discharge." HPD Audit at 61-62. In fact, either domestic violence or sex assault was *the* top crime alleged annually for officers receiving discharge discipline for three of the past five years and were among the top three crimes involved for officers receiving discipline discharge recommendations in three of the past five years. *Id*. at 31. Thus, anyone, who is generally aware of these statistics as Peters and Costa should be, yet maintains that Plaintiff's sexual assault was not foreseeable or that "a female is safe with any police officer," is not credible. Under such circumstances, Plaintiff should be able to use the audit for impeachment purposes. *See Mighty Enterprises, Inc. v. She Hong Indus. Co.*, 745 F. App'x 706, 709 (9th Cir. 2018) ("An expert can use assumptions, inferences, and comparisons. Such assumptions are admissible; their reliability is impeachable."); *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991) ("When an expert testifies that a product is generally safe, as appellants' experts did, the witness's credibility can be undermined by showing the witness had knowledge of prior accidents caused by the product.").

### B. The HPD Audit Should Be Admitted as Substantive Evidence that Costa Should Not Have Left Plaintiff Alone with Oh.

The HPD Audit should be admitted as substantive evidence that the Oh's sex assault on Plaintiff was foreseeable[2] and that Costa breached his duty to Plaintiff

---

[2] For purposes of foreseeability, the question is not whether Costa personally knew of the risk of sexual assault by Oh, but whether such risk was reasonably

when he left her, agitated, scantly-dressed, intoxicated, and alone with Oh. *See* MSJ Order at 16 (holding that "as a matter of law, Costa owed a duty to Plaintiff to not engage in any affirmative acts that would worsen her situation.").

HPD Audit is an opposing party statement, public record, and self-authenticating document by the City that may be introduced into substantive evidence under FRE Rules 801, 803, and 902.

Under FRE Rule 902(5), "official publications" are self-authenticating and defined to include "[a] book, pamphlet, or other publication purporting to be issued by a public authority." Here, the HPD Audit was issued by the Office of the City Auditor, which is created and officially tasked by the City charter with conducting "[p]erformance audits of the funds, programs, and operations of any agency or operation of the city as requested by the council by resolution." Revised Charter of the City and County of Honolulu ("**City Charter**") § 3-502; *see also* City Charter §§ 3-501 (creating the Office of the City Auditor); 3-114 (giving the City council

---

foreseeable under *any* rational view of the evidence. *O'Grady v. State*, 140 Haw. 36, 51, 398 P.3d 625, 640 (Haw. 2017), as amended (June 22, 2017) ("[A]ssuming that the defendant's conduct breached a duty of care to the plaintiff and that this conduct was a substantial factor in causing the plaintiff's injuries, the remaining issue is whether a defendant should be relieved of liability because a subsequent act or occurrence was not reasonably foreseeable under any rational view of the evidence.); *Dolan v. Hilo Med. Ctr.*, 127 Haw. 325, 342, 278 P.3d 382, 399 (Haw. Ct. App. 2012), as corrected (Apr. 2, 2012) ("A subsequent cause of injury, including the negligence of a third party, is not a superseding cause if it is reasonably foreseeable.").

the power to direct the auditor to conduct audits). Thus, the HPD Audit is a self-authenticating official publication by the Office of the City Auditor, a public authority.

The HPD Audit is also not hearsay, because it is an opposing party statement under FRE Rule 801(d)(2). Specifically, the relevant statements in the HPD Audit were (1) ones which the City, through the Office of the City Auditor, "manifested that it adopted or believed to be true, " (2) "made by a person whom [the City] authorized to make a statement on the subject," namely the Acting City Auditor Troy Shimasaki, and (3) "made by the [City's] agent or employee [Mr. Shimasaki,] on a matter within the scope of that relationship and while it existed." FRE Rule 801(d)(2)(B)-(D); *see* City Charter §§ 3-114, 3-501, 3-502; City Council Resolution 19-255 (authorizing audit of HPD, attached to HPD Audit at 71); *see also Rengo v. Cobane*, No. C12-298 TSZ, 2013 WL 3294300, at *1 n.1 (W.D. Wash. June 28, 2013) (rejecting contention from Seattle police officers that audit of Seattle Police Department's In–Car Video Program by Seattle City Auditor was hearsay under FRE Rule 801(d)(2)); *see also MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No., 2012 WL 2568972, at *4 (S.D.N.Y. July 3, 2012) ("[A]uditors have been held to be agents of a party for purposes of Rule 801(d)(2)(D) and, therefore, statements by auditors are deemed non-hearsay statements of a party opponent."); *U.S. ex rel. Jordan v. Northrop Grumman Corp.*,

8

No. CV 95-2985ABCEX, 2002 WL 34251040, at *11 n.16 (C.D. Cal. Aug. 5, 2002) (admitting internal audit report under FRE Rule 801(d)(2)). Thus, the HPD Audit qualifies as a non-hearsay statement by an opposing party.

Finally, even if the City Auditor's statements in the HPD Audit were hearsay, they qualify for the public records exception to hearsay under FRE Rule 803(8).[3] Specifically, the HPD Audit sets out both "a matter observed while under a legal duty to report" by the City Auditor and "in a civil case . . . factual findings from a legally authorized investigation." FRE Rule 803(8)(A)(ii)&(iii); *see* City Charter §§ 3-114, 3-501, 3-502; City Council Resolution 19-255 (authorizing investigation); *see also United States v. De La Cruz*, 469 F.3d 1064, 1069 (7th Cir. 2006) (discussing district court's admission under FRE Rule 803(8) of state audit report of municipal finances); *Barraza v. Hous. Auth. of City of Seattle*, No. C05-1184P, 2006 WL 1663702, at *5 (W.D. Wash. June 15, 2006) (admitting U.S. Department of Housing and Urban Development audit of Seattle Housing Authority, because "investigatory reports that state opinions or conclusions based on a factual investigation are admissible under FRE 803(8)."). Additionally, the City did not object to the HPD Audit's conclusions and there is no reason to believe such conclusions are unreliable. FRE Rule 803(8)(B); Audit Report at 65-

---

[3] The HPD Audit also qualifies for other hearsay exceptions, including without limitation, under FRE Rule 803(6)(Records of a Regularly Conducted Activity).

9

69 (Letter from Chief Ballard approved by City's Managing Director); *Ruiz v. Fernandez*, 949 F.Supp.2d 1055, 1063 (E.D . Wash. 2013) (U.S. Department of Labor report was determined to be "trustworthy" and fell "within the hearsay exception set forth in [FRE 803(8) ]"). Therefore, even if they are hearsay, the City Auditor's statements qualify under the public records exception to hearsay.

## V.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court allow Plaintiff to use the HPD Audit (1) for impeachment purposes and (2) as substantive evidence that the Oh's sex assault on Plaintiff was foreseeable and that Costa breached his duty to Plaintiff when he left her, agitated, scantly-dressed, intoxicated, and alone with Oh.

DATED: Honolulu, Hawaii July 6, 2021.

/s/ Mateo Caballero
MATEO CABALLERO
BRIAN K. MACKINTOSH
DANIEL G. HEMPEY
Attorneys for Plaintiff
SARAH VARGAS

10