# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 19-00116 LEK-WRP

CASE NAME:    Sarah Vargas vs. City and County of Honolulu, et al.,

JUDGE:   Leslie E. Kobayashi    DATE:   07/07/2021

COURT ACTION:  EO: COURT ORDER DENYING THE PARTIES' MOTIONS TO SEAL; STRIKING THE PARTIES' REDACTED MOTIONS IN LIMINE; AND DIRECTING THE PARTIES TO REFILE THE MOTIONS

     On July 6, 2021, Defendants City and County of Honolulu and Thayne Costa ("City Defendants") filed their: Motion for Leave to File Under Seal (1) Motion in Limine No. 10 to Exclude Alexander Bivens and Improper Opinions and Ex. A to that Motion, (2) Motion in Limine No. 11 to Exclude Prior and Subsequent Sources of Emotional Distress ("City Defendants' Motion to Seal"); and redacted versions of the motions in limine that are referred to in the City Defendants' Motion to Seal (collectively "City Defendants' Redacted MILs").  [Dkt. nos. 263, 264, 265.]  Also on July 6, 2021, Plaintiff Sarah Vargas ("Plaintiff") filed her: Motion to File Plaintiff's Motions in Limine Nos. 1, 6, 7, and 9, and Related Exhibits Under Seal ("Plaintiff's Motion to Seal"); [dkt. no. 276;] and redacted versions of the motions in limine that are referred to in Plaintiff's Motion to Seal (collectively "Plaintiff's Redacted MILs"), [dkt. nos. 266, 271, 272, 274].

     Both the City Defendants' Motion to Seal and Plaintiff's Motion to Seal ask this Court to seal both exhibits to the motions in limine as well as language in the motions in limine discussing those exhibits.  Because the motions in limine that are at issue in the motions to seal are "more than tangentially related to the merits of the case," the material must meet the compelling reasons standard to be filed under seal.  See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1102 (9th Cir. 2016).  This Court FINDS that compelling reasons exist to seal **the exhibits** that the parties have addressed in the motions to seal because those exhibits include, for example, medical information and information about a minor.

     However, compelling reasons do not exist to seal the information that has been redacted from the City Defendants' Redacted MILs and from Plaintiff's Redacted MILs.  It is possible for the parties to preserve public access to court filings by revising their motions in limine, including their memoranda in support of the motions in limine, so that those filings do not include specific information such as medical information or

information about a minor.  Instead, the motions in limine and the memoranda in support thereof can refer generally to the subject matters and cite to the exhibits, which would be the subject of new motions to seal.

The City Defendants' Motion to Seal and Plaintiff's Motion to Seal are therefore DENIED.  Further, the City Defendants' Redacted MILs and Plaintiff's Redacted MILs are STRICKEN.  The denial of the motions to seal and the striking of the redacted motions in limine are WITHOUT PREJUDICE to the filing of: new motions to seal that seek to file only the exhibits to the motions in limine under seal; and revised motions in limine that do not contain redacted information.  The parties are CAUTIONED that the revised motions in limine must be limited to the same substantive issues originally raised in the redacted motions in limine.

The new motions to seal and the revised motions in limine must be filed by **July 9, 2021, at 12:00 noon**.  Any opposition memoranda to the revised motions in limine must be filed by **July 14, 2021**.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager