LAW OFFICE OF BRIAN K. MACKINTOSH
BRIAN K. MACKINTOSH        #9525
P.O. Box 61216
Honolulu, HI 96839-1216
Telephone:  (808) 517-1388
brian@bkmlaw.com

DE COSTA HEMPEY LLC
DANIEL G. HEMPEY        #7535
MICHELLE PREMEAUX        #9580
4028 Rice Street, Suite B
Lihu'e, Hawai'i 96766
Telephone:  (808) 632-2444
dan@dhlawkauai.com

CABALLERO LAW LLLC
MATEO CABALLERO        #10081
P.O. Box 235052
Honolulu, HI 96823
Telephone:  (808) 600-4749
mateo@caballero.law

Attorneys for Plaintiff
SARAH VARGAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

SARAH VARGAS,

    Plaintiff,

vs.

CITY AND COUNTY OF
HONOLULU, DAVID OH, and
THAYNE COSTA,

    Defendants.

CIVIL NO. 19-00116 LEK-WRP

[CIVIL RIGHTS ACTION]

PROPOSED JOINT JURY
INSTRUCTIONS; CERTIFICATE OF
SERVICE

Judge: Hon. Leslie E. Kobayashi
Trial Date: August 4, 2021

## PROPOSED JOINT JURY INSTRUCTIONS

Plaintiff SARAH VARGAS and Defendants CITY AND COUNTY OF HONOLULU and THAYNE COSTA, by and through their undersigned attorneys, hereby submit their Proposed Joint Jury Instructions pursuant to LR 51.1 of the Local Rules of the United States District Court for the District of Hawaiʻi.

| Inst. No. | Instruction Title |
|-----------|-------------------|
| 1 | Duty of Judge |
| 2 | Duty to Follow Instructions |
| 3 | Evidence – Excluding Argument of Counsel |
| 4 | Evidence –  Objections |
| 5 | Evidence – Excluding Statement of Judge |
| 6 | Evidence – Interrogatories |
| 7 | Evidence – Direct and Circumstantial |
| 8 | Evidence – Credibility of Witnesses |
| 9 | Evidence – Expert Witnesses |
| 10 | Impeachment – Generally |
| 11 | Impeachment – Reputation for Truthfulness |
| 12 | Taking Notes During Trial |
| 13 | Questions Posed by Jurors |
| 14 | Damages Instruction Not Relevant to Liability |
| 15 | No Outside Research |
| 16 | Duty to Deliberate |
| 17 | Verdict Forms |
| 18 | Effect of Comparative Negligence |
| 19 | Legal Cause |
| 20 | Pre-Existing Injury or Condition |
| 21 | General Damages Defined |
| 22 | Pain and Suffering |

DATED: Honolulu, Hawai'i July 20, 2021.

/s/ Mateo Caballero
MATEO CABALLERO
BRIAN K. MACKINTOSH
DANIEL G. HEMPEY
MICHELLE PREMEAUX

Attorneys for Plaintiff
SARAH VARGAS


DANA M.O. VIOLA
Corporation Counsel


By: /s/ Audrey L. E. Stanley
AUDREY L. E. STANLEY
DONOVAN A. ODO
Deputies Corporation Counsel

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU
and THAYNE COSTA

JURY INSTRUCTION NO. 1
DUTY OF JUDGE

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 1, "Duty of Judge"

JURY INSTRUCTION NO. 2
DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party.  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.  A ~~corporation~~ municipality is entitled to the same fair trial at your hands as is a private individual.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 2B, "Duty to Follow Instructions"

2

JURY INSTRUCTION NO. 3
EVIDENCE – EXCLUDING ARGUMENT OF COUNSEL

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 3, "Evidence – Excluding Argument of Counsel"

<u>JURY INSTRUCTION NO. 4</u>
<u>EVIDENCE – OBJECTIONS</u>

Rules of evidence control what can be received into evidence.  During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

<u>Authority</u>: Hon. Leslie E. Kobayashi, Courts Instruction No. 4, "Evidence – Objections"

JURY INSTRUCTION NO. 5
EVIDENCE – EXCLUDING STATEMENT OF JUDGE

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 5, "Evidence – Excluding Statements of Judge"

## JURY INSTRUCTION NO. 6
## EVIDENCE – INTERROGATORIES

During the course of the trial you heard reference to the word

"interrogatory."  An interrogatory is a written question asked by one party of

another, who must answer it under oath in writing. You are to consider

interrogatories and the answers to interrogatories the same as if the questions had

been asked and answered here in court.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 9, "Evidence –
Interrogatories"

JURY INSTRUCTION NO. 7
EVIDENCE – DIRECT AND CIRCUMSTANTIAL

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 11, "Evidence – Direct and Circumstantial"

JURY INSTRUCTION NO. 8
EVIDENCE – CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 12, "Evidence – Credibility of Witnesses"

## JURY INSTRUCTION NO. 9
## EVIDENCE – EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 13, "Evidence – Expert Witnesses"

## JURY INSTRUCTION NO. 10
## IMPEACHMENT – GENERALLY

A witness may be discredited or impeached by contradictory evidence, by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.


<u>Authority</u>: Hon. Leslie E. Kobayashi, Courts Instruction No. 14, "Impeachment – Generally"

JURY INSTRUCTION NO. 11
IMPEACHMENT – REPUTATION FOR TRUTHFULNESS

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 15, "Impeachment – Reputation for Truthfulness"

## JURY INSTRUCTION NO. 12
## TAKING NOTES DURING TRIAL

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes, or those of other jurors.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 21, "Taking Notes During Trial"

## JURY INSTRUCTION NO. 13
## QUESTIONS POSED BY JURORS

During the course of the trial, questions were posed by members of the jury.

You should evaluate the answers to those questions in the same manner that you

evaluate all of the other evidence.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 22, "Questions Posed
by Jurors"

## JURY INSTRUCTION NO. 14
## DAMAGES INSTRUCTION NOT RELEVANT TO LIABILITY

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 23, "Damages Instruction Not Relevant to Liability"

14

JURY INSTRUCTION NO. 15
NO OUTSIDE RESEARCH

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all of you present.


Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 24, "No Outside Research"

## JURY INSTRUCTION NO. 16
## DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authority: Hon. Leslie E. Kobayashi, Courts Instruction No. 25, "Duty to Deliberate"

JURY INSTRUCTION NO. 17
VERDICT FORMS

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, and have the foreperson sign the note.  The foreperson will then contact the Courtroom Manager via the telephone located in the hallway outside the jury room.  The Courtroom Manager will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

<u>Authority</u>: Hon. Leslie E. Kobayashi, Courts Instruction No. 26A, "Verdict Forms – Single Verdict Form"

## JURY INSTRUCTION NO. 18
## EFFECT OF COMPARATIVE NEGLIGENCE

If you find that plaintiff's(s') negligence is 50% or less, the Court will reduce the amount of damages you award by the percentage of the negligence you attribute to plaintiff(s).

If, on the other hand, you find that plaintiff's(s') negligence is more than 50%, the Court will enter judgment for defendant(s) and plaintiff(s) will not recover any damages.

Authority: Hawai'i Civil Jury Instructions No. 6.4, "Effect of Comparative Negligence" (strikethrough denotes a deletion)

19

## JURY INSTRUCTION NO. 19
## LEGAL CAUSE

An act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury/damage.

<u>Authority</u>: Hawaiʻi Civil Jury Instructions No. 7.1, "Legal Cause"

JURY INSTRUCTION NO. 20
PRE-EXISTING INJURY OR CONDITION

In determining the amount of damages, if any, to be awarded to plaintiff(s), you must determine whether plaintiff(s) had an injury or condition which existed prior to the [insert date of the incident] March 14, 2017, incident. If so, you must determine whether plaintiff(s) was/were fully recovered from the pre-existing injury or condition or whether the pre-existing injury or condition was latent at the time of the subject incident. A pre-existing injury or condition is latent if it was not causing pain, suffering or disability at the time of the subject incident.

If you find that plaintiff(s) was/were fully recovered from the pre-existing injury or condition or that such injury or condition was latent at the time of the subject incident, then you should not apportion any damages to the pre-existing injury or condition.

If you find that plaintiff(s) was/were not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject incident, you should make an apportionment of damages by determining what portion of the damages is attributable to the pre-existing injury or condition and limit your award to the damages attributable to the injury caused by defendant(s).

If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the pre-existing injury or condition, you may make a rough apportionment.

21

If you are unable to make a rough apportionment, then you must divide the

damages equally between the pre-existing injury or condition and the injury caused

by the defendant(s).

<u>Authority</u>: Hawaiʻi Civil Jury Instructions No. 7.3, "Pre-Existing Injury or Condition" (strikethrough denotes a deletion, underline denotes an addition)

JURY INSTRUCTION NO. 21
GENERAL DAMAGES DEFINED

General damages are those damages which fairly and adequately compensate

to plaintiff(s) for any past, present, and reasonably probable future disability, pain,

and emotional distress caused by the injuries/damages sustained.

Authority: Hawaiʻi Civil Jury Instructions No. 8.3, "General Damages Defined"
(strikethrough denotes a deletion)

23

JURY INSTRUCTION NO. 22
PAIN AND SUFFERING

Plaintiff~~(s)~~ is not required to present evidence of the monetary value of her pain or emotional distress. It is only necessary that plaintiff~~(s)~~ prove the nature, extent and effect of her injury, pain, and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

Authority: Hawai'i Civil Jury Instructions No. 8.10, "Pain and Suffering" (strikethrough denotes a deletion)