# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 19-00116 LEK |
| CASE NAME: | Sarah Vargas vs. City and County of Honolulu et al, |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 07/23/2021 |

COURT ACTION:  EO: COURT ORDER STRIKING PLAINTIFF'S DESIGNATION OF DEPOSITION EXCERPTS FOR DEFENDANT THAYNE COSTA AND DENYING AS MOOT DEFENDANTS' FILING ADDRESSING THE DESIGNATION

 On July 13, 2021, Plaintiff Sarah Vargas ("Vargas") filed her Designation of Deposition Excerpts for Defendant Thayne Costa ("Designation"). [Dkt. no. 323.] Based on the page and line numbers included, Vargas appears to have designated Defendant Thayne Costa's ("Costa") entire deposition. [Designation at 2-3.] The common practice in this district court is to designate specific portions of a deponent's testimony. See, e.g., Third Amended Rule 16 Scheduling Order, filed 12/18/20 (dkt. no. 227), at ¶ 28a (setting 7/13/21 as the parties' deadline to "designat[e] excerpts from depositions (specifying the witness and **page and line referred to**) to be used at trial other than for impeachment or rebuttal" (emphasis added)).  However, the Federal Rules of Civil Procedure do permit a broader designation when the deponent is a party.  See Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party . . . .").  The Court also notes that Vargas's designation of Costa's entire deposition testimony is curious in light of his anticipated testimony at trial.  See Defendants City and County of Honolulu's and Thayne Costa's Final Comprehensive Witness List, filed 7/13/21 (dkt. no. 311), at 2; Plaintiff's Final Comprehensive Witness List, filed 7/13/21 (dkt. no. 322), at 2.

 The Designation is STRICKEN because Vargas failed to provide this Court with either a copy of Costa's deposition transcript or another form of Costa's deposition testimony.  See Fed. R. Civ. P. 32(c) ("Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well.").  The striking of the Designation is WITHOUT PREJUDICE to the refiling, if necessary, of a deposition designation that complies with the applicable court rules.

 In light of this Court's rulings, Defendants' July 15, 2021 filing regarding

Plaintiff's Designation, [dkt. no. 331,] is DENIED AS MOOT.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager