# MINUTE ORDER

CASE NUMBER:    CIVIL NO. 19-00116 LEK

CASE NAME:    Sarah Vargas vs. City and County of Honolulu et al,

JUDGE:    Leslie E. Kobayashi    DATE:    07/23/2021

**COURT ACTION: EO: COURT ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 6 RE: PRIOR BAD ACTS, FILED 7/9/21 [DKT. NO. 283]**

Plaintiff Sarah Vargas ("Vargas") seeks to preclude Defendants City and County of Honolulu and Thayne Costa (collectively "Defendants") from "questioning [Vargas] or offering any evidence of [Vargas]'s prior bad acts for which she was investigated, arrested, or convicted." [Plaintiff's Motion in Limine No. 6 Re: Prior Bad Acts ("MIL #6"), filed 7/9/21 (dkt. no. 283), at 2.] Vargas argues that "[her] and her family's criminal and arrest history bears no relevance" to the claim of negligence; unfair prejudice; and that the evidence is impermissible under Rule 404, Federal Rules of Evidence. [Mem. in Supp. of MIL #6 at 1-2.]

Defendants oppose MIL #6 and state that they "incorporate by reference all arguments, legal authorities and evidence presented in their Motion *In Limine* No. 11 . . . ." [Defendants City and County of Honolulu's and Thayne Costa's Memorandum in Opposition to Plaintiff's Motion *in Limine* No. 6 Re: Prior Bad Acts ("Mem. in Opp."), filed 7/14/21 (dkt. no. 326), at 2.] The Court declines to consider anything that Defendants did not take the time and effort to include and provide legal support for in their Memorandum in Opposition to MIL #6.

Defendants essentially oppose MIL #6 because they submit that Vargas's "interactions with the law, family interactions, and arrests prior to the incident clearly caused her emotional distress to which (sic) she was still suffering from at the time of the incident." [Id. at 2-3.] More succinctly stated, these prior incidents are relevant to Vargas's claim for negligent infliction of emotional distress ("NIED"). Defendants apparently intend to present the prior incidents on the issue of causation and damages with regard to Vargas's NIED claim. [Id. at 4.]

Defendants also argue that the evidence is relevant to Defendant David Oh's ("Oh") claim that "he knew [Vargas] from prior interactions, that is why she interacted better with him . . . ." [Id. at 3.] Entry of default was entered against Oh on March 10, 2020 for failure to appear or otherwise defend himself in the instant lawsuit. [Entry of Default of Defendant David Oh, filed 3/10/20 (dkt. no. 137).] It has not been set aside. Therefore, "well-pleaded factual allegations, except those related to damages, are **deemed admitted** and are **sufficient to establish the unresponsive defendant's liability**." Alakai`i Mech. Corp. v. RMA Land Constr., Inc. - ECC (a Joint Venture), CIVIL No. 14-00145-HG-KSC, 2016 WL 8710425, at *2 (D.

Hawaiʻi Jan. 15, 2016) (emphases added) (citing <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977)).  Oh cannot dispute his liability with testimony or other evidence, and thus this argument is highly unavailing.

Rule 404(b) prohibits the use of "bad acts" for certain purposes:

> Evidence of a prior conviction, wrong, or act is inadmissible under Rule 404(b) for the purpose of proving the character of a person or that a defendant acted in conformity with such character.  FED. R. EVID. 404(b).  Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  <u>Id.</u>  "In making admissibility decisions, the [district] court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged."  <u>United States v. Verduzco</u>, 373 F.3d 1022, 1027 (9th Cir. 2004) (citing <u>United States v. Mayans</u>, 17 F.3d 1174, 1181 (9th Cir. 1994)), *cert. denied*, ─── U.S. ───, 125 S. Ct. 508, 160 L. Ed. 2d 380 (2004).  Having made this determination, the district court must determine whether the probative value of admission outweighs the prejudice to the defendant.  <u>United States v. Johnson</u>, 132 F.3d 1279, 1282 (9th Cir. 1997); <u>see also</u> <u>United States v. Ross</u>, 886 F.2d 264, 267 (9th Cir. 1989).

<u>United States v. Vo</u>, 413 F.3d 1010, 1017–18 (9th Cir. 2005) (alteration in <u>Vo</u>).

On September 21, 2020, Defendants' motion to bifurcate the trial was granted, and the magistrate judge found "that proceeding first with a separate trial for Count V (negligence) and Count VII (negligent infliction of emotional distress [('NIED')]) would potentially narrow the issues . . . ." [Order Granting Defendants City and County of Honolulu and Thayne Costa's Motion to Bifurcate Trial, filed 9/21/20 (dkt. no. 206), at 4.]

First, Defendants' arguments do not support admission of the evidence of other interactions with law enforcement for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  <u>See</u> Fed. R. Evid. 404(b)(2).  There is no probative value of other incidents where police officers were called to Vargas's home or where she was arrested as to Count V (negligence).  Therefore, the prior incidents are excluded by Rule 404(b) as to Count V (negligence).

Second, while the prior incidents appears to have little, if any, relevance to Count VII (NIED), the Court proceeds to examine the factors set forth in <u>Vo</u>, quoted *supra*.  The Court finds factors 3 and 4 not applicable in this civil lawsuit.  As to the whether "the evidence tends to prove a material point[,]" there may be little, if any, relevance to Vargas's NIED claim.  As to the prior act not being too remote in time, the Court finds that any event that occurred **six months or more prior** to Oh's sexual assault of Vargas is too remote.

Lastly, the Court must determine whether the probative value of evidence of contacts with law enforcement (such as arrests) outweighs the prejudice to Vargas.  It does not.  Evidence of prior arrests for suspected family abuse or instances where the police were called to one's home

because of Vargas's purported disturbance are highly prejudicial:

> As an arrest "happens to the innocent as well as the guilty," the risk of prejudice from this evidence's introduction is therefore great.  <u>See</u> Fed. R. Evid. 403; <u>United States v. Bettencourt</u>, 614 F.2d 214, 218 (9th Cir. 1980) ("Balanced against the minimal probative value of the fact of an arrest is the substantial, perhaps inherent, prejudicial potential of such evidence for the jury.").

<u>Goodman v. Las Vegas Metro. Police Dep't</u>, 963 F. Supp. 2d 1036, 1048 (D. Nev. 2013), *aff'd in part, rev'd in part, dismissed in part on other grounds*, 613 F. App'x 610 (9th Cir. 2015).  Thus, the evidence of prior incidents, including arrests, is precluded by Rule 403, Federal Rules of Evidence.

For the foregoing reasons, MIL #6 is GRANTED in its entirety.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager