# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 19-00116 LEK

CASE NAME:     Sarah Vargas vs. City and County of Honolulu et al,

JUDGE:     Leslie E. Kobayashi     DATE:     07/28/2021

COURT ACTION: **EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY AND COUNTY OF HONOLULU'S AND THAYNE COSTA'S MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OF DISMISSED AND BIFURCATED CLAIMS INCLUDING LEGISLATIVE DISCIPLINARY REPORT, TRAINING, AND OTHER UNRELATED INCIDENTS OF ALLEGED POLICE MISCONDUCT , FILED 7/6/21 [DKT. NO. 256]**

    Defendants City and County of Honolulu and Thayne Costa (collectively "Defendants") seek to preclude evidence related to any dismissed claims. Moreover, Defendants seek to preclude evidence related to any claims that were bifurcated from the current trial. [Defendants City and County of Honolulu's and Thayne Costa's Motion in Limine No. 3 to Preclude Evidence of Dismissed and Bifurcated Claims Including Legislative Disciplinary Report, Training, and Other Unrelated Incidents of Alleged Police Misconduct ("Defs' MIL #3"), filed 7/6/21 (dkt. no. 256).]

    Plaintiff argues that she should be able to raise other incidents of women being assaulted by police officers should Defendant Thayne Costa ("Costa") testify (as he did in his deposition) about any woman being safe with a police officer. [Plaintiff's Memorandum in Opposition to Defendants City and County of Honolulu's and Thayne Costa's Motion in Limine No. 3 to Preclude Evidence of Dismissed and Bifurcated Claims Including Legislative Report, Training, and Other Unrelated Incidents of Alleged Police Misconduct, filed 7/13/21 (dkt. no. 314), at 2.] Likewise, she submits such questioning is appropriate for Defendants' expert witness, John J. Peters ("Peters") because of his opinion testimony that it was not foreseeable that Defendant David Oh ("Oh") would sexually assault Vargas. [Id.]

    Prior incidents including those reflected in the legislative report, unless Vargas first establishes that Costa was aware or it was reasonable for him to be aware of the information prior to the date that Vargas was sexually assaulted by Oh, are not relevant to the negligence claim that is the subject of the first part of the bifurcated trial and any possible relevance is greatly outweighed by the possible prejudice and likelihood of jury

confusion.  Thus, Defendants' MIL #3 is GRANTED IN PART as to Costa.

      Peters, on the other hand, is an expert witness who will testify that Oh's sexual assault was not reasonably foreseeable for Costa.  Experts may rely on hearsay in forming opinions.  <u>See</u> Fed. R. Evid. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."); <u>United States v. Cazares</u>, 788 F.3d 956, 977 (9th Cir. 2015) ("Expert witnesses may rely on inadmissible hearsay in forming their opinions, so long as it is of a type reasonably relied upon by experts in their field." (citations omitted)).  Thus, for experts such as Peters or Vargas's expert, Nicholas Sensley ("Sensley"), who will testify about whether or not Oh's sexual assault was foreseeable, the prior incidents are relevant to their opinions and are admissible.  Defendants' MIL #3 is DENIED IN PART as to Peters and Sensley.

      **IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager