# MINUTE ORDER

CASE NUMBER:       CIVIL NO. 19-00116 LEK

CASE NAME:         Sarah Vargas vs. City and County of Honolulu et al,

JUDGE:    Leslie E. Kobayashi          DATE:          07/29/2021

COURT ACTION:  **EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE COSTA'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE SUBMITTED IN CRIMINAL AND ADMINISTRATIVE INVESTIGATIONS, FILED 7/6/21 [DKT. NO. 259]**

Defendants City and County of Honolulu and Thayne Costa (collectively "Defendants") seek to preclude evidence related to federal, local, and administrative investigations of Plaintiff Sarah Vargas's ("Vargas") sexual assault and, in particular, statements given by or refused to be given by Defendant Thayne Costa ("Costa") and Defendant David Oh ("Oh"). [Defendants City and County of Honolulu and Thayne Costa's Motion in Limine No. 6 to Exclude Evidence Submitted in Criminal and Administrative Investigations ("MIL #6"), filed 7/6/21 (dkt. no. 259).] Vargas opposes Defendants' MIL #6. [Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine No. 6 to Exclude Evidence Submitted in Criminal and Administrative Investigations ("Mem. in Opp."), filed 7/13/21 (dkt. no. 316).]

For the reasons stated in the Court order filed on July 22, 2021 regarding Plaintiff's Motion in Limine No. 4 Re: Evidence of Alleged Consent, filed on July 6, 2021, [dkt. nos. 269 (motion), 356 (order),] evidence disputing that Oh sexually assaulted Vargas is not relevant and therefore not admissible. See Fed. R. Evid. 402 (stating that "[i]rrelevant evidence is not admissible"). This is because it is already conclusively proved that Oh sexually assaulted Vargas. Therefore evidence and testimony during the predetermination hearing (including arguments and testimony by the union representative for Oh during the predetermination hearing, and letters and evidence submitted by Oh) and Oh's polygraph video taken during the criminal investigation are not relevant.

Testimony by Travis Kohatsu ("Kohatsu") regarding police conduct standards is relevant to Vargas's negligence claim. Subject to the Court finding that Kohatsu is qualified as someone with knowledge and that his opinion will be of assistance to the jury, he can testify on the ultimate issue of whether Costa was or was not negligent (*i.e.*,

whether Costa acted in accordance with or violation of police standards).  See Fed. R. Evid. 704(a); United States v. Freeman, 498 F.3d 893, 900 n.1, 901-02 (9th Cir. 2007) (holding that there was no error in allowing a police officer with eleven years experience to testify as an expert regarding drug terminology).  The Court reserves ruling on the admissibility of the transcript of Kohatsu's statement about basic procedures in lieu of live testimony.

Evidence that Costa refused to give a statement in any criminal investigation has little relevance to the claim of negligence.  Any potential relevancy is outweighed by prejudice and potential for juror confusion, and thus excluded.  See Fed. R. Evid. 403. Vargas's argument that Costa could have been a significant witness in a criminal investigation against Oh is unavailing.  This is because Oh's entry of default already establishes that he sexually assaulted Vargas and thus Costa's refusal to give a statement is not relevant.

To the extent that statements made by a witness in any administrative proceeding, criminal investigation, or predetermination hearing are prior inconsistent statements used for impeachment, then these statements are generally admissible:

> "A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness." United States v. Monroe, 943 F.2d 1007, 1012 (9th Cir.1991) (quoting United States v. McLaughlin, 663 F.2d 949, 952 (9th Cir.1981) (quoting United States v. Hale, 422 U.S. 171, 176, 95 S. Ct. 2133, 45 L. Ed. 2d 99 (1975))).  A prior inconsistent statement is admissible to raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true.  See United States v. Arteaga, 117 F.3d 388, 397 n. 18 (9th Cir.) ("If a witness says 'X' on the stand, his out-of-court statement 'not-X' impeaches him, whether X is true or not."), cert. denied, [522] U.S. [988], 118 S. Ct. 455, 139 L. Ed. 2d 390 (1997).  Therefore, because a declarant's prior inconsistent statement is not offered for its truth, it is not hearsay.  See id. at 397.

United States v. Bao, 189 F.3d 860, 865–66 (9th Cir. 1999) (footnote omitted).  However, the parties cannot:

> offer one declarant's statement to impeach the credibility of another witness.  Merely offering a contradictory account offered by one witness does not go to another witness's credibility unless the first witness' account is offered as true.  See Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir. 1995) ("Whereas an inconsistent statement by a testifying witness can be used to impeach that witness's credibility, an inconsistent account by another source is offered to show an

alternative view of the truth.").  Only the declarant of the prior
inconsistent statement, and not another witness, may be impeached
with the statement.  See United States v. Crouch, 731 F.2d 621, 623
(9th Cir. 1984) (holding that hearsay statements are admissible to
impeach a declarant who subsequently testifies at trial).

Id.  Thus, letters written by persons other than Oh cannot be used as prior inconsistent
statements to impeach Oh.

Oh's responses in a pre-polygraph interview and during any polygraph testing
regarding the sexual assault of Vargas are not relevant on the issue of whether he sexually
assaulted Vargas because his entry of default conclusively proved that he sexually
assaulted Vargas.  Vargas argues that Oh's statements about Costa and where he was
located, what Oh told Costa prior to taking Vargas to her bedroom, Oh's impressions of
Vargas, and Oh's practices while on duty are relevant.  The Court agrees that his
testimony is relevant in those proffered areas on the negligence claim and therefore
admissible.  The Court reserves ruling on whether Oh's written or recorded statements,
absent his live testimony, is admissible under an exception to the hearsay rule.

Vargas argues that she should be permitted to question Costa about the elements of
sexual assault and the conditions that negate consent.  [Mem. in Opp. at 14-15.]  Again,
the entry of default against Oh conclusively proved that he sexually assaulted Vargas and
thus evidence about the elements of sexual assault and conditions that negate consent to
sexual relations are not relevant.  To the extent Vargas can first establish that the areas of
questioning are related to the negligence claim (e.g., whether the actions met police
standards, whether conditions existed to arrest Vargas), then the evidence is relevant and
admissible.

For the foregoing reasons, Defendants' MIL #6 is GRANTED IN PART and
DENIED IN PART.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager