# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 19-00116 LEK |
| CASE NAME: | Sarah Vargas vs. City and County of Honolulu et al, |
| JUDGE: | Leslie E. Kobayashi |
| DATE: | 08/2/2021 |

COURT ACTION:   **EO: COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE COSTA'S MOTION IN LIMINE NO. 10 TO EXCLUDE ALEXANDER BIVENS AND IMPROPER OPINIONS, FILED 7/9/21 [DKT. NO. 287]**

Defendants City and County of Honolulu and Thayne Costa ("Costa" and collectively "Defendants") state that Alexander Bivens, Ph.D., "should be excluded from trial due to noncompliance with [Fed. R. Civ. P.] Rule 26, and because the opinions he formed are outside the scope of a psychologist." [Mem. in Supp. of Defendants City and County of Honolulu and Thayne Costa's Motion in Limine No. 10 to Exclude Alexander Bivens and Improper Opinions ("MIL #10"), filed 7/9/21 (dkt. no. 287), at 1.] Plaintiff Sarah Vargas ("Vargas") opposes Defendants' MIL #10. [Plaintiff's Opposition to Defendants' Motion in Limine No. 10 to Exclude Alexander Bivens and Improper Opinions ("Mem. in Opp."), filed 7/13/21 (dkt. no. 329).] This matter came on for hearing on July 29, 2021.

Dr. Bivens is a psychologist and Plaintiff Sarah Vargas's ("Vargas") expert witness. He failed to provide a copy of his curriculum vitae to his original report but did provide it with his rebuttal report on July 9, 2021. [Id. at 2.] Vargas's failure to provide Dr. Bivens's curriculum vitae violates her discovery obligations pursuant to Rule 26, but Defendants were not prejudiced by the oversight. Vargas's counsel are admonished and warned that future discovery violations, even those as minor as failing to provide an expert's credentials in a timely manner, may result in sanctions.

Defendants also object to Dr. Bivens on two grounds: qualification and relevancy. The trial court must ensure that expert witness opinion testimony, whether scientific or other specialized knowledge, is both relevant and reliable:

> In Daubert [v. Merrell Dow Pharmaceuticals, Inc.], this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." 509 U.S. [579,] 589 [(1993)]. The initial question

> before us is whether this basic gatekeeping obligation applies only to "scientific" testimony or to all expert testimony. We, like the parties, believe that it applies to all expert testimony. See Brief for Petitioners 19; Brief for Respondents 17.
>
> For one thing, Rule 702 itself says:
>
> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."
>
> This language makes no relevant distinction between "scientific" knowledge and "technical" or "other specialized" knowledge. It makes clear that any such knowledge might become the subject of expert testimony. In Daubert, the Court specified that it is the Rule's word "knowledge," not the words (like "scientific") that modify that word, that "establishes a standard of evidentiary reliability." 509 U.S., at 589–590. Hence, as a matter of language, the Rule applies its reliability standard to all "scientific," "technical," or "other specialized" matters within its scope. We concede that the Court in Daubert referred only to "scientific" knowledge. But as the Court there said, it referred to "scientific" testimony "because that [wa]s the nature of the expertise" at issue. Id., at 590, n. 8.

Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147–48 (1999) (some alterations in Kumho Tire).

In his Report of Examining Expert, Dr. Bivens sets forth his qualifications as a licensed psychologist, [MIL #10, Decl. of Counsel, Exh. A (dkt. no. 287-3) (filed under seal) (Report of Examining Expert, dated 5/10/21 ("Bivens Report")),] in addition to his educational and professional experience set forth in his curriculum vitae. Based on this information, the Court finds that he is qualified as an expert witness in the field of psychologist examiners. Defendants object to the mention of the award received for working with adult victims of sexual assault, developing a program to prevent sexual misconduct against children, and training others to prevent sexual misconduct. [Mem. in Supp. of MIL #10 at 3-4.] These instances are relevant to his experience and training as a psychologist and to the facts of this particular case.

Defendants also argue that Dr. Bivens: should be precluded from speculating about the underlying events; [id. at 4-5;] should be excluded from opinions on neurological functions; [id. at 5-6;] should be precluded from discussing institutional betrayal, [id. at 6-7].

To testify as an expert, Dr. Bivens's testimony

> must be relevant and reliable. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." <u>Primiano [v. Cook]</u>, 598 F.3d [558,] 565 [(9th Cir. 2010)]. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." <u>Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.</u>, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." <u>Primiano</u>, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." <u>Alaska Rent-A-Car</u>, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." <u>Primiano</u>, 598 F.3d at 564.

<u>V5 Techs., LLC v. Switch, Ltd.</u>, 501 F. Supp. 3d 960, 963 (D. Nev. 2020).

The Court therefore GRANTS MIL #10 to the extent that testimony involving the following paragraphs of the Bivens Report are excluded for lack of qualification, and that any marginal relevance is outweighed by the possibility of juror confusion or prejudice pursuant to Rules 402 and 403, Federal Rules of Evidence:

> The paragraph entitled *Neurological Impact of Severe and Multiple Traumas* on page 12; and the portion of the paragraph on page 15 numbered 3 relating to neurological etiology.

The Court DENIES MIL #10 as to the remainder of the Bivens Report as being relevant to Vargas's damages and reliable to assist the jury.

In addition, the portions of Dr. Bivens's Rebuttal Report, dated July 9, 2021, discussing the cost of a residential DBT program as among Plaintiff's future medical expenses are stricken because Plaintiff failed to disclose, prior to the Rebuttal Report, that she was seeking those type of costs.

For the foregoing reasons, Defendants' MIL #10 is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager