IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SARAH VARGAS, | ) CIVIL NO. 19-00116 LEK-WRP |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) DEFENDANTS CITY AND |
| | ) COUNTY OF HONOLULU AND |
| CITY AND COUNTY OF | ) THAYNE COSTA'S PETITION |
| HONOLULU, ET AL., | ) FOR DETERMINATION OF GOOD |
| | ) FAITH SETTLEMENT |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS CITY
AND COUNTY OF HONOLULU AND THAYNE COSTA'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Before the Court is Defendants City and County of Honolulu (the City) and Thayne Costa's Petition for Determination of Good Faith Settlement. See ECF No. 434. The Petition seeks approval of the settlement and release between Plaintiff and the City pursuant to Hawai'i Revised Statutes, Section 663-15.5. See id. Because no objections to the Petition were filed, the Court VACATES the hearing set for April 21, 2022 and finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Petition be GRANTED.[1]

## BACKGROUND

Plaintiff alleges she was sexually assaulted by Defendant David Oh when he was a police officer with the Honolulu Police Department and responding to a 911 call at Plaintiff's home. See ECF No. 38 ¶¶ 15-61. Defendant Costa also responded to the 911 call at Plaintiff's home on the night of the sexual assault. See id. ¶ 24. The City employed both Defendant Oh and Defendant Costa. See id. ¶¶ 7-9.

Default was entered against Defendant Oh. See ECF No. 137. Thus far, the District Court has ruled on various dispositive motions. See ECF Nos. 81, 170. Certain issues have also been resolved on appeal by the Ninth Circuit. See ECF No. 214. This Court granted the City and Defendant Costa's motion to bifurcate Plaintiff's direct liability claims against the City from the remaining claims in this action, specifically permitting a first trial to be held on Count V (negligence) and Count VII (negligent infliction of emotional distress), followed by a second trial on Count I (violation of Plaintiff's Fourteenth Amendment right to bodily integrity), Count II (violation of Plaintiff's Fourth Amendment right to be

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

free from unreasonable searches and seizures), and Count VI (negligent training and supervision). See ECF No. 206.

In August 2021, the District Court presided over a jury trial on Count V and Count VII, and the jury returned a verdict as to this first phase. See ECF Nos. 401-10, 413, 423. The claims that remained between Plaintiff and the City after the first trial consisted of Counts I, II, and VI as described above. See ECF No. 422. The second trial was set for May 9, 2022. See ECF Nos. 424, 425. In December 2021, the parties reached a settlement as to any remaining claims. See ECF No. 428. This Petition followed. See ECF No. 434. In the Petition, the City and Defendant Costa seek a determination of good faith settlement pursuant to Hawaiʻi Revised Statutes, Section 663-15.5. See id.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. See Haw. Rev. Stat. § 663–15.5(a), (d). To determine

whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. See id. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. See Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The Court has reviewed the factors set forth in Troyer v. Adams and

the terms of the settlement, see ECF No. 434-3, and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

CONCLUSION

Based on the Court's consideration of the Petition, and the totality of the circumstances, the Court FINDS that the settlement was in good faith under Hawaiʻi Revised Statutes Section 663–15.5 and RECOMMENDS that Defendants City and County of Honolulu and Thayne Costa's Petition for Determination of Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 8, 2022.



Wes Reber Porter
United States Magistrate Judge

**VARGAS v. CITY AND COUNTY OF HONOLULU, ET AL.; CIVIL NO. 19-00116 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS CITY AND COUNTY OF HONOLULU AND THAYNE COSTA'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**