IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SARAH VARGAS, | ) CIVIL NO. 19-00116 LEK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S RENEWED |
| | ) REQUEST TO ENTER DEFAULT |
| CITY AND COUNTY OF | ) JUDGMENT AGAINST |
| HONOLULU, DAVID OH, THAYNE | ) DEFENDANT DAVID OH |
| COSTA, DOES 1-100, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S RENEWED REQUEST TO ENTER DEFAULT
<u>JUDGMENT AGAINST DEFENDANT DAVID OH</u>

Before the Court is Plaintiff's Renewed Request to Enter Default Judgment Against Defendant David Oh, filed on December 4, 2022 (Motion). <u>See</u> Pl.'s Mot., ECF No. 443.  On December 30, 2022, the Court directed further briefing regarding Plaintiff's claim for conspiracy to deny civil rights (Count III). <u>See</u> EO dated 2/30/2022, ECF No. 446.  Plaintiff filed her supplemental brief on January 2, 2023.  <u>See</u> Pl.'s Suppl. Mem., ECF No. 447.  The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be

GRANTED.[1]

## BACKGROUND

In this litigation, Plaintiff alleges that she was sexually assaulted by Defendant David Oh, an Officer with the Honolulu Police Department, while he was on duty and responding to a 911 call at Plaintiff's home. See First Am. Compl., ECF No. 38. Defendant Costa also responded to the 911 call at Plaintiff's home on the night of the alleged sexual assault. See id. ¶ 24. Defendant City and County of Honolulu employed both Defendant Oh and Defendant Costa. See id.

Default was entered against Defendant Oh on March 10, 2020. See Entry of Default, ECF No. 137. Plaintiff's first request for default judgment against Defendant Oh was denied as premature in light of her allegations of joint and several liability and vicarious liability. See EO dated 5/1/2020, ECF No. 157.

A trial was held in August 2021, on Plaintiff's claim for negligence (Count V) and negligent infliction of emotional distress (Count VII) against Defendant Costa and Defendant City and County of Honolulu. At the conclusion of trial, the jury returned a verdict finding that Plaintiff proved that Defendant Oh's

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

sexual assault was a legal cause of injury or damage to Plaintiff and that Plaintiff did not prove by a preponderance of the evidence that Defendant Costa was negligent.  See Special Verdict Form, ECF No. 409, at 2-4.  Following the verdict, the parties stipulated to dismissing all claims against Defendant Costa and Defendant City and County of Honolulu.  See Stip. for Partial Dismissal, ECF No. 437; Stip. for Partial Dismissal, ECF No. 439.  On November 15, 2022, the Court issued an Order to Show Cause Why Plaintiff's Remaining Claims Should Not Be Dismissed Without Prejudice.  See Minute Order dated 12/6/2022, ECF No. 442.  The present Motion followed.

In the present Motion, Plaintiff asks the Court to grant default judgment against Defendant Oh on Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment rights (Counts I), violation of Plaintiff's Fourth Amendment rights (Count II), sexual assault (Count IV), and intentional infliction of emotional distress (Count VIII).  See Pl.'s Mot., ECF No. 443-1, at 4-5.

Plaintiff states in her Motion that she seeks to voluntarily dismiss her claim of Negligence (Count VII) against Defendant Oh.  See id. at 5.  Plaintiff's claim for violations of the Hawaii constitution (Count IX) were dismissed by the Court.  See Minute Order, ECF No. 81 ("COUNT IX is DISMISSED WITH PREJUDICE as to all Defendants.").  Plaintiff states in her Motion that Count III, which was asserted against all Defendants, has been stayed.  See ECF No. 443-1 at

3

4 ("Count III, Conspiracy to Deny Civil Rights, has been stayed."). However, the mandate on the interlocutory appeal regarding Count III was issued on December 11, 2020, and the stay was terminated when the mandate was filed per the Court's prior Order, ECF No. 98 ("The stay shall be terminated once the mandate is filed as to that appeal."). Based on the Ninth Circuit's mandate, Count III was dismissed against Defendant Costa and Defendant City and County of Honolulu. See Mem., ECF No. 214. In the supplemental briefing ordered by the Court, Plaintiff clarified that she is not seeking default judgment against Defendant Oh as to her claim for conspiracy to deny civil rights (Count III). See Suppl. Mem., ECF No. 447.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Oh. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later

5

be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has federal question jurisdiction over Plaintiff's claims for violations of her Fourth and Fourteenth Amendment rights pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Second, the Court has personal jurisdiction over Defendant Oh because he was personally served with the Complaint and First Amended Complaint at his residence in Hawaii. See Proofs of Service, ECF Nos. 36, 112; Fed. R. Civ. P. 4(e); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) ("General jurisdiction exists when a defendant is domiciled in the forum state.").

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery against Defendant Oh.

Accordingly, the first Eitel factor favors default judgment.

## 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiff's Complaint, taken as true, establish that Plaintiff is entitled to default judgment against Defendant Oh.

### a. Violation of Plaintiff's Fourteenth Amendment Rights (Count I)

To establish a violation of the substantive due process protections under Fourteenth Amendment, Plaintiff must prove that "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998). Plaintiff alleges that Defendant Oh arrived at the scene to investigate allegations of an assault. See First Am. Compl., ECF No. 38, ¶ 26. Plaintiff alleges that Defendant Oh escorted Plaintiff, who was highly intoxicated, upstairs to her bedroom, wearing his uniform and service revolver, and sexually assaulted her. See id. ¶ 1. The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Defendant Oh's behavior shocked the conscience and violated Plaintiff's Fourteenth Amendment rights.

### b. Violation of Plaintiff's Fourth Amendment Rights

**(Count II)**

To establish a violation of the protections against unreasonable search and seizure under Fourth Amendment, Plaintiff must prove "unreasonable intrusions on one's bodily integrity, [or] other harassing and abusive behavior that rises to the level of 'unreasonable seizure.'" Fontana v. Haskin, 262 F.3d 871, 879 (9th Cir. 2001) (quoting Headwaters Forest Def. v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001)). "Assessing the Constitutionality of police action during a seizure involves 'a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake.'" Id. at 880 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). As noted above, Plaintiff alleges that after Defendant Oh arrived at the scene to investigate allegations of an assault, Defendant Oh escorted Plaintiff, who was highly intoxicated, upstairs to her bedroom, wearing his uniform and service revolver, and sexually assaulted her. See First Am. Compl., ECF No. 38, ¶¶ 1, 26. The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Defendant Oh violated Plaintiff's Fourth Amendment rights. See Fontana, 262 F.3d at 880 ("there can be no 'countervailing governmental interest' to justify sexual misconduct") (citations omitted).

### c. Sexual Assault (Count IV)

In the First Amended Complaint, Plaintiff alleges that Defendant Oh sexually assaulted her, that she did not consent to the sexual contact, that she reported the sexual assault, that she was medically examined, at which time penetration by Defendant Oh was confirmed, and that she reported the sexual assault to law enforcement. See First Am. Compl., ECF No. 38, ¶¶ 41-57. The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Plaintiff is entitled to judgment against Defendant Oh for her claim of sexual assault (Count IV). See also, Minute Order Granting Plaintiff's Motion in Limine No. 4, ECF No. 356, at 2-3 ("The Court finds that the factual allegations establishing sexual assault are sufficiently pleaded and thus deemed admitted to establish Oh's liability in tort."); Special Verdict Form, ECF No. 409, at 4 (finding that Plaintiff proved that Defendant Oh's sexual assault was a legal cause of injury or damage to Plaintiff). The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Defendant Oh sexually assaulted Plaintiff.

### d. Intentional Infliction of Emotional Distress (Count VIII)

To prove intentional infliction of emotional distress ("IIED") under Hawaii law, the plaintiff must show: (1) the act that caused the harm was intentional or reckless; (2) the act was outrageous; and (3) the act caused extreme emotional distress to another. See Smallwood v. NCsoft Corp., 730 F. Supp. 2d

9

1213, 1235 (D. Haw. 2010) (citing Young v. Allstate Ins. Co., 198 P.3d 666, 692 (Haw. 2008)). This tort requires conduct "exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind." Id. (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60 (Haw. 2003)). The Court finds that Plaintiff sufficiently states a claim for IIED. As detailed above, Defendant Oh sexually assaulted Plaintiff while he was on duty and responding to a call to investigate. See First Am. Compl., ECF No. 38, ¶¶ 1, 26. This conduct was clearly outrageous and beyond the bounds usually tolerated by a decent society. See id. (quoting Young, 198 P.3d at 692-93). Finally, Plaintiff has alleged that Defendant Oh's conduct caused her extreme emotional psychological distress. See First Am. Compl., ECF No. 38, ¶ 156. The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Plaintiff is entitled to default judgment against Defendant Oh for intentional infliction of emotional distress.

### 3. Sufficiency of the Complaint

The allegations in the First Amended Complaint are sufficiently pled and supported by the Motion. The Court finds that the sufficiency of the First Amended Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to

the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiff does not provide any information in her Motion regarding the amount of damages at issue and instead asks the Court to set an evidentiary hearing at a later date. At trial, Plaintiff sought significant general damages, i.e., $19,000,000.00. See Minute Order, ECF No. 364 at 3. However, Plaintiff's claims against Defendant Oh are tailored to his specific wrongful conduct, which could result in a broad range of monetary awards, including an award much lower than the amount Plaintiff sought at trial against the other Defendants. Under these circumstances, the Court concludes that this factor does not weigh heavily in the Eitel analysis.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the First Amended Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant Oh has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant Oh's default was not the result of excusable neglect. Defendant Oh failed to defend this action and default was

entered against him. The record suggests that Defendant Oh's default was not the result of any excusable neglect, but rather due to a conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant Oh's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant Oh has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant Oh.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiff's favor and against Defendant Oh.

### C. Damages

Because Plaintiff did not provide the Court with evidence to support damages or other claims for relief, the Court recommends that an evidentiary hearing be held to determine the amount of Plaintiff's damages pursuant to Rule

55(b)(2)(B) as requested by Plaintiff in her Motion.  See Pl.'s Mot., ECF No. 443-1, at 11; Fed. R. Civ. P. 55(b)(2)(B).

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Renewed Request to Enter Default Judgment Against Defendant David Oh be GRANTED. The Court RECOMMENDS that the district judge: 1) grant default judgment in favor of Plaintiff and against Defendant Oh as to Plaintiff's claims for violation of Plaintiff's Fourteenth Amendment rights (Counts I), violation of Plaintiff's Fourth Amendment rights (Count II), sexual assault (Count IV), and intentional infliction of emotional distress (Count VIII); 2) dismiss Plaintiff's claim of negligence (Count VII) and conspiracy to deny civil rights (Count III) against Defendant Oh; and 3) hold an evidentiary hearing to determine the amount of Plaintiff's damages.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 9, 2023.



Wes Reber Porter
United States Magistrate Judge

**VARGAS vs. CITY AND COUNTY OF HONOLULU, ET AL.; CIVIL NO. 19-00116 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S RENEWED REQUEST TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT DAVID OH**